UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**TEH SHOU KAO and T S KAO, INC.,** on behalf of themselves and all others similarly situated,

           **Plaintiffs,**

v.

**CARDCONNECT CORP.,**

           **Defendant.**

Civil Action No. 2:16-cv-05707

HON. J. WILLIAM DITTER

## STATUS REPORT

COME NOW Plaintiffs and Defendant and, in preparation for the August 4, 2017 status conference, hereby (a) update the Court as to the progress that has occurred since the last status conference, (b) identify issues as to which the Court's guidance is required, and (c) identify a proposed plan for the next 60 days:

**A.**     **Progress Since Last Status Conference.**

    1.     <u>Discovery Requests.</u> In May, the parties exchanged interrogatories, requests for production, and requests for admissions. In June, the parties exchanged objections and responses to these requests. The parties have also exchanged initial document productions, which contained certain electronically stored information ("ESI"). Plaintiffs also provided a privilege log.

Over the course of the last month, the parties have met and conferred on several occasions (both in writing and telephonically) and exchanged supplemental responses in an effort to resolve alleged deficiencies in each other's objections, responses, and productions. The parties have succeeded in resolving many of these disputes, but require the Court's guidance on several remaining issues, as described in Section B below.

2. <u>Factual Stipulations.</u>  The parties met and conferred on the issue of stipulated facts and reached agreement on an initial stipulation.  *See* Dkt. No. 32.

3. <u>Confidentiality Order.</u>  The parties prepared a stipulated confidentiality order that complied with the directives issued by the Court at the last status conference and it was entered by the Court.  *See* Dkt. No. 33.

**B.     Outstanding Issues.**

1. <u>Discovery Disputes.</u>  The parties seek the Court's guidance on a number of discovery-related issues, including broad issues such as the proper scope of discovery (including ESI discovery) at this phase of the case, and narrow issues that relate to specific requests.  Before filing motions to compel, the parties wish to receive guidance from the Court.  Plaintiffs request the Court's assistance as to the items shown on Exhibit A hereto.  Defendant requests the Court's assistance as to the items shown on Exhibit B.

In addition, the parties seek clarification from the Court on how discovery should continue.  Defendant believes that the Court envisioned discovery proceeding in a phased approach starting with the named Plaintiffs and that the parties would agree on Stipulated Facts to narrow the issues and claims before moving forward to class discovery.  Defendant believes this is why the time limits initially proposed by the parties were significantly paired back by the Court.  Defendant, therefore, seeks permission to file a motion to dismiss/strike certain claims before proceeding to class discovery.

Plaintiffs believe that the Court did not restrict discovery to Plaintiff-specific issues and cite the Court's May 12, 2017 Order (Dkt. No. 29), wherein the Court instructed Defendants to produce documents related to the fees charged to the Plaintiffs "even if they do not relate solely to the named Plaintiffs."  Plaintiffs thus desire to proceed with class discovery.  Plaintiffs believe

Defendant has not produced sufficient meaningful discovery and further believe that Defendant's desired early motion practice would only serve to compound and prolong the ultimate resolution of this case. The parties request the opportunity to be heard on their respective positions and on how the Court would like them to proceed.

  2. <u>Additional Plaintiffs.</u> Plaintiffs' counsel states that since the prior status conference, multiple customers of Defendant have requested to be included in the case. Counsel are finalizing their investigation and have informally sought additional documents related to one of Defendant's customers. Plaintiffs wish to discuss the Court's preferred procedural mechanism for bringing these merchants' claims before the Court, such as by motion to add parties and amend or via filing of a new action, which would be tagged as related to this case.

**C.** **<u>Plan for the Next 60 Days.</u>**

  1. <u>Discovery Disputes.</u> To the extent disputes remain unresolved after the status conference, the parties will present their current discovery disputes to the Court for resolution and promptly amend their responses, if necessary.

  2. <u>ESI Discovery.</u> Plaintiffs have proposed a list of ESI search terms to Defendant. Defendant takes the position that in light of the Court's directive to focus on the named Plaintiffs and narrow the issues in dispute, additional ESI should not occur until the claims are narrowed as provided for in paragraph B.1 above. Plaintiffs take the position that the scope of relevant ESI will not change regardless of the outcome of the proposed motion and thus delaying such ESI will only prolong the ultimate resolution of this case. Plaintiffs, therefore, request that the Court direct that the parties promptly meet and confer on the search terms and the identities of the custodians to be included in an ESI search and, if the parties are able to reach agreement, they will run the searches. If they are not, they will promptly contact the Court to seek intervention.

Defendant proposes that narrowing the issues first will provide for a more efficient and streamlined discovery process. Therefore, Defendant proposes to be permitted to file its motion described in Paragraph B.1 above. Defendant contends that after the Court rules, the parties may then proceed to confer as to search terms and custodians focused on the specific issues in dispute.

3. <u>Depositions.</u> Plaintiffs wish to commence taking depositions of knowledgeable witnesses, including Defendant's records custodian. Plaintiffs contend that a deposition of Defendant's records custodian will make the process of searching for ESI more efficient and thus should be done as soon as possible. Defendant proposes to wait until it has an opportunity to narrow the issues in dispute through motion practice before depositions occur which it believes is a more orderly and efficient process.

| | |
|---|---|
| */s/ KJG2445* | */s/ Angelo A. Stio III* |
| Kenneth J. Grunfeld | Jan Levine |
| GOLOMB & HONIK | Angelo A. Stio, III |
| 1515 Market Street, Suite 1100 | PEPPER HAMILTON LLP |
| Philadelphia, PA 19102 | 3000 Two Logan Square |
| 215.985.9177 | Eighteenth & Arch Streets |
| kgrunfeld@golombhonik.com | Philadelphia, PA 19103-2799 |
| | 215.981-4000 |
| */s/ E. Adam Webb* | levinej@pepperlaw.com |
| E. Adam Webb | stioa@pepperlaw.com |
| WEBB, KLASE & LEMOND, LLC | |
| 1900 The Exchange S.E., Suite 480 | *Attorneys for Defendant* |
| Atlanta, GA 30339 | |
| 770.444.0773 | |
| Adam@WebbLLC.com | |

*Attorney for Plaintiffs*

Dated: August 2, 2017