# EXHIBIT

## A

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Settlement Agreement" or "Agreement" or "Settlement") is made and entered into this __ day of June, 2020, by and between Defendant CardConnect Corp. ("CardConnect"), and Plaintiffs Teh Shou Kao ("Kao"), T.S. Kao, Inc. ("T.S. Kao"), Tech Lounge SP, LLC ("Tech Lounge"), and The Law Office of Kevin Adams, PLLC ("Adams"), individually and as representatives of the Settlement Class as defined below (collectively, "Plaintiffs"), acting by and through their undersigned counsel, subject to preliminary and final approval as required by Rule 23 of the Federal Rules of Civil Procedure.

## R E C I T A L S

**WHEREAS**, on or about November 1, 2016, Plaintiffs Kao and T.S. Kao filed a class action complaint against Defendant CardConnect in the United States District Court for the Eastern District of Pennsylvania under Case No. 2:16-cv-05707 (Dkt. 1).

**WHEREAS**, on or about February 6, 2017, Plaintiffs Kao and T.S. Kao filed an amended class action complaint against Defendant CardConnect  (Dkt. 14).

**WHEREAS**, on or about September 7, 2017, Plaintiffs Tech Lounge and Adams filed a class action complaint against Defendant CardConnect in the United States District Court for the Eastern District of Pennsylvania under Case No. 2:17-cv-04014 (Dkt. 1).

**WHEREAS**, on September 26, 2017, the actions were consolidated in the Court under Case No. 2:16-cv-05707.

**WHEREAS**, the actions allege on behalf of Plaintiffs and putative class members that CardConnect charged unauthorized rates and fees and asserts claims for unjust enrichment, breach of contract, and declaratory relief.

**WHEREAS**, CardConnect disputes Plaintiffs' claims both as to the facts and the law, and CardConnect has denied, and continues to deny, any liability to Plaintiffs or any member of the putative class.

**WHEREAS**, the Parties wish to settle and resolve all of Plaintiffs' claims to avoid the uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain a general release, orders, and judgments contemplated by this Agreement so as to put to rest totally and finally the matters raised by Plaintiffs.

**WHEREAS**, Plaintiffs' counsel has sought, briefed, and conducted hearings in support of Plaintiffs' claims against CardConnect; conducted extensive written and oral discovery; retained and consulted with a damages expert; conducted numerous investigations and engaged in extensive negotiations with CardConnect; and, considering the benefits of the Settlement and the risks of litigation, has concluded that it is in the best interest of Plaintiffs and the Settlement Class (as defined below) to enter into this Settlement Agreement.  Plaintiffs and their counsel agree that this Agreement is fair, reasonable, and adequate with respect to the interests of Plaintiffs and the Settlement Class, and should be approved by the Court pursuant to Federal Rule of Civil Procedure 23(e).

**WHEREAS,** the Parties agree to settle and resolve completely and finally all of their outstanding differences, disputes, and claims, whether asserted or unasserted, known or unknown, which were or could have been asserted by Plaintiffs and the Settlement Class in the Action (as defined below).

## AGREEMENTS AND RELEASES

In consideration of the premises and mutual promises, covenants, and warranties

contained in this Settlement Agreement and other good and valuable consideration, the receipt and sufficiency of which the Parties now acknowledge, and intending to be legally bound, the Parties agree as follows:

## 1.    RECITALS

The foregoing recitals are true and correct and made part of this Agreement.

## 2.    DEFINITIONS

The following terms shall have the meanings set forth below:

2.1     "Action" means the actions titled *Teh Shou Kao, et al. v. CardConnect Corp.*, E.D. Pa. Case No. 2:16-cv-5707-GJP, and *Tech Lounge SP, LLC, et al. v. CardConnect Corp.*, E.D. Pa. Case No. 2:17-cv-4014-GJP, that have been consolidated in Case No. 16-cv-5707-GJP.

2.2     "CardConnect Merchant" means any merchant that became a customer by signing an agreement for processing services with Defendant that is governed by Pennsylvania law and shall specifically exclude any merchant that (a) was enrolled by First Data or one of its affiliates (e.g., Ignite Payments, BluePay, etc.) and was "rolled into" CardConnect's portfolio after First Data acquired CardConnect and (b) signed an agreement for processing services with Defendant that is governed by New York law.

2.3     "Claim Form" shall mean the document that must be submitted electronically or via U.S. mail by Former Class Members in order to obtain the benefits of this Settlement, and a model of which is attached as **Exhibit "A"**.

2.4     "Claimant" shall mean a Former Class Member that timely submits a Claim Form.

2.5    "Class Counsel" shall mean Matthew C. Klase and E. Adam Webb of Webb, Klase & Lemond, LLC, 1900 The Exchange, S.E., Suite 480, Atlanta, Georgia 30339.

2.6    "Class Member" shall mean any CardConnect Merchant that is a member of the Settlement Class.

2.7    "Class Period" shall mean the period of time commencing on November 1, 2012, and ending on the date of the Court's Order preliminarily approving the Settlement Agreement.

2.8    "Class Representatives" shall mean T.S. Kao, Inc., Tech Lounge SP, LLC, and The Law Office of Kevin Adams, PLLC.

2.9    "Court" shall mean the United States District Court for the Eastern District of Pennsylvania.

2.10    "Current Class Members" shall mean Class Members that currently maintain one or more active payment card processing accounts with or through Defendant as of the date of Preliminary Approval.

2.11    "Day" shall mean a 24-hour day, but for purposes of calculating time periods herein any period of time that ends on a day when the Court is closed shall be deemed to end at the end of the next day when the Court is open.

2.12    "Defendant" means CardConnect Corp.

2.13    "Effective Date" shall mean the first day that the Court is open for business after the last of the following dates has passed: (a) ten (10) days after the time for appeal from the Court's approval of the Settlement and entry of the Final Judgment has expired without an appeal having been taken; (b) in the event that the Final Judgment is appealed, ten (10) days after the time that either all such appeals shall have been dismissed

4

prior to resolution by the appellate court or that the Final Judgment has been affirmed in its entirety without any modification or change by the court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal, by certiorari or otherwise.

2.14    "First Data" shall mean First Data Corporation.

2.15    "Fiserv" shall mean Fiserv, Inc.

2.16    "Former Class Members" shall mean Class Members that do not currently maintain payment card processing accounts with or through Defendant as of the date of Preliminary Approval.

2.17    "Net Settlement Proceeds" shall mean the Settlement Proceeds less Attorneys' Fees and Costs less Incentive Awards and less Administration Costs.

2.18    "Notice" shall mean notice of the proposed Class Settlement as provided for in paragraph 4.

2.19    "Opt-Out Request" shall mean the request for exclusion that must be sent to the Settlement Administrator and Class Counsel or Class Counsel's designee as provided for in paragraph 6.

2.20    "Parties" shall collectively mean CardConnect and Plaintiffs.

2.21    "Preliminary Approval" shall mean the Court's order approving this Settlement Agreement without any modification, effective on the date of entry of the Preliminary Approval Order, a proposed form of which is attached as **Exhibit "B"** to this Agreement.

2.22    "Released Claims" shall mean the claims identified in paragraph 10.1.

2.23    "Releasing Parties" means the parties identified in paragraph 10.1.

2.24    Settlement Administrator" shall mean KCC Class Action Services LLC (KCC), which is the entity that will administer various aspects of the Settlement, included but not limited to overseeing notice to Settlement Class Members, processing the Claim Forms submitted by Former Class Members, and distributing checks to Settlement Class Members, or the entit(ies) designated by KCC to perform these functions. Class Counsel and Defendant may, by agreement, substitute a different Settlement Administrator, subject to Court approval.

2.25    "Settlement Class" or "Class" shall mean a class to be certified by the Court pursuant to this Settlement Agreement solely for the purpose of effectuating this Settlement Agreement, as provided for and further defined in paragraph 3.1.

2.26    "Settlement Class Member" or "Class Member" means any entity or person included in the Settlement Class.

2.27    "Settlement Proceeds" is the sum of Seven Million, Six Hundred and Fifty Thousand U.S. Dollars and Zero Cents ($7,650,000.00) and no more.   The Settlement Proceeds is not a fund.   The Settlement Proceeds represent the maximum amount that CardConnect will pay (i) in compensation to Settlement Class Members for class relief, (ii) fees and costs to Class Counsel, (iii) Incentive Awards to the Class Representatives, and (iv) costs of notice and administering the Settlement.

2.28    "Subject Fees" means the following fees: CardPointe Fee; Data Breach Fee; EMV P2PE Fee; Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee.

3.      **CERTIFICATION OF SETTLEMENT CLASS**

       3.1    CardConnect agrees that, solely for the purposes of this Settlement and its implementation, the Action shall proceed as a class action, as more particularly described in this Settlement Agreement.  The Parties have agreed that the Settlement Class shall be:

> All CardConnect Merchants that paid at least one of the Subject Fees from November 1, 2012 through the date of Preliminary Approval.

> Excluded from the Settlement Class are: (i) those customers that opt out of this Agreement as identified in paragraph 6; (ii) CardConnect officers, directors, or employees, any entity in which CardConnect has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of CardConnect; (iii) Class Counsel and Class Counsel's employees; and (iv) the Court and any employees of the Court, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

<u>Provided</u>, <u>however</u>, that in the event that this Agreement is not approved by the Court, or the class relief set forth in paragraph 9 is changed in any material way or if this Agreement is terminated pursuant to paragraph 11, the Settlement Class shall become null and void and have no further force and effect whatsoever, unless otherwise agreed to by the Parties, and the Parties shall be restored without prejudice to their respective positions as if the Settlement and application for its approval had not been made.  If the Court refuses to approve the Settlement Agreement, or if the Court's order approving the Settlement is reversed on appeal, or if pursuant to an appeal the class relief set forth in paragraph 9 is changed in any way, and as a result the Agreement is terminated as provided for in paragraph 11, then the Settlement Agreement and any negotiations, statements, communications, or proceedings relating thereto, and the fact that the Settlement Class and CardConnect agreed to the Settlement: (a) shall be without prejudice to the rights of the Settlement Class or CardConnect, (b) shall not

AMERICAS 102432317

be used for any purpose whatsoever in any subsequent proceeding in this Action or any other action in any court or tribunal, and (c) shall not be construed as an admission or concession by any Party of any fact, matter, allegation, or contention.  Plaintiffs and Class Counsel agree to recommend approval of this Agreement by the Court and to recommend participation in the Settlement by members of the Settlement Class.  Unless otherwise terminated as provided herein, the Parties agree to undertake their best efforts, including any and all steps and efforts that may become necessary by order of the Court or otherwise, to effectuate the terms and purposes of this Settlement Agreement, to secure the Court's approval, and to oppose any appeals from or challenges to an order approving the Settlement.

3.2     After execution of this Agreement by all Parties, Class Counsel will move the Court for an Order granting Preliminary Approval of this Settlement.  Plaintiffs' motion for preliminary approval of the Settlement shall include a request to the Court for a scheduled date on or after which the hearing where the Court will consider whether to issue Final Approval to the Settlement ("Final Approval Hearing") will occur.

3.3     CardConnect shall serve or cause to be served a notice of the proposed Settlement, in conformance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").  The Final Approval Hearing shall be scheduled no earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715.

## 4.     NOTICE OF PROPOSED CLASS SETTLEMENT

4.1     After Preliminary Approval of this Settlement Agreement, the Parties shall provide Notice of the proposed Class Settlement as required by Federal Rule of Civil Procedure 23(e) and as required by the Court.  The Parties will recommend to the Court that Notice be provided as follows:

8

**EXECUTION VERSION**

4.1.1   CardConnect will provide Notice of the proposed settlement to Current Class Members via a summary statement message or a "notice insert" in their monthly statement, in a form substantially similar to **Exhibit "C"**.  If any such notices are returned as undeliverable, or the Current Class Member ceases being a customer of CardConnect between Preliminary Approval and the time when Notice is sent, CardConnect will promptly notify the Settlement Administrator, which will provide direct Notice via postcard or, if necessary, email.

4.1.2   The Settlement Administrator will provide Notice of the proposed settlement to Former Class Members via postcard notice, in a form substantially similar to **Exhibit "D"**, via U.S. mail at their current or last known address in CardConnect records.  Postcard notices sent to Former Class Members will be doubled-paged and folded with the notice on one page and the Claim Form, the return address, and pre-paid postage on the other, allowing a Settlement Class Member to complete and tear off the Claim Form and return it by mail.  If any such postcard notices are returned as undeliverable, and CardConnect possesses an email address for such customers, the customer will receive Notice via email and a re-mailed notice if an updated mailing address can be located through reasonable means.  The email notice will have a hyperlink to the page of the settlement website on which the Claim Form can be completed.

9

**EXECUTION VERSION**

4.1.3   The summary notice, postcard notice, and/or email notice will direct Class Members to a settlement website (www.cardconnectsettlement.com) that will have a more complete explanation of the Settlement terms.

4.1.4   Notice also shall be provided to Class Members by the Settlement Administrator establishing an internet settlement website at www.cardconnectsettlement.com no later than the date the first class notice is sent that will display, *inter alia*, the following: (i) a Notice in a form substantially similar to **Exhibit "E"**; (ii) contact information for the Settlement Administrator; (iii) a complete copy of the Settlement Agreement and other relevant pleadings; (iv) answers to frequently asked questions; (v) important dates and deadlines; and (vi) an icon upon which Former Class Members can click to submit claims electronically.

4.2     Notice (as referred to in subparagraphs 4.1.1 through 4.1.3) shall be provided to Class Members no later than ninety (90) days from Preliminary Approval.

4.3     Within ten (10) days of Preliminary Approval, CardConnect shall provide to the Settlement Administrator a spreadsheet that identifies all Settlement Class Members, provides the current or last known mail and email address(es) of each Settlement Class Member, and delineates those which are Current Class Members and those which are Former Class Members.  The Settlement Administrator shall compile the official Settlement Class list from the information provided by CardConnect.

4.4     The Parties will make no effort to actively publicize this Settlement or its terms by the media or internet without the approval of the other Parties or that of the Court. The Parties will direct inquiring reporters to the publically-filed documents and further

AMERICAS 102432317

respond "no comment."  However, nothing in this Agreement shall limit the ability of Class Counsel to directly communicate orally or in writing with Settlement Class Members regarding the provisions of this Settlement and, in fact, Class Counsel are authorized to do so.

5.      **COSTS OF ADMINISTRATION**

Costs associated with providing Notice to the Settlement Class and administration of the Settlement Agreement ("Administration Costs") shall be paid out of the Settlement Proceeds. The Administration Costs shall include any reasonable fees and expenses incurred by the Settlement Administrator and reasonable fees and expenses incurred in hiring outside experts for the purpose of performing services relating to the administration of the Settlement, such as the calculation of benefits under the Settlement.

6.      **OPT-OUT AND OBJECTION PROCEDURES**

6.1      Class Members that want to be excluded from the Settlement Class must send a written request for exclusion ("Opt-Out Request") to the Settlement Administrator and to Class Counsel or Class Counsel's designee, within one hundred and fifty (150) days of Preliminary Approval.

6.2      Class Counsel shall file a Notice of Class Action Opt-Outs listing the names of all customers that submitted an Opt-Out Request within twenty-one (21) days after the deadline by which all opt-out requests must be postmarked.

6.3      CardConnect shall have the option to terminate the Settlement Agreement in its sole discretion if more than five percent (5%) of the Settlement Class Members opt out of this Settlement.

AMERICAS 102432317

**EXECUTION VERSION**

6.4     In order to be considered by the Court, any objection to the Settlement Agreement must: (i) contain the full name, current address, and telephone number of the person objecting; (ii) contain the title of the Action: *Teh Shou Kao, et al. v CardConnect Corp.*, Case No. 2:16-cv-05707-GJP (E.D. Pa.); (iii) state whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity all reasons for the objection; (iv) be accompanied by all evidence, briefs, motions, or other materials the objector intends to offer in support of the objection; (v) be signed by the objector (an attorney's signature is not sufficient); (vi) comply with any additional requirements set forth in the Preliminary Approval order; and (vii) be filed with the Court and served upon Class Counsel and counsel for CardConnect within one hundred and fifty (150) days of Preliminary Approval.

6.5     Any responses to written objections shall be filed with the Court no fewer than ten (10) days before the Final Approval Hearing.

7.     **FINAL COURT APPROVAL**

7.1     No later than one hundred and thirty five (135) days after Preliminary Approval, the Class Representatives and Class Counsel shall move for the Court's final approval of this Settlement Agreement, and agree to use their respective best efforts to obtain such approval ("Final Approval").  At the Final Approval Hearing, the Parties shall petition the Court to enter a Final Approval Order and Judgment in substantially the form attached hereto as **Exhibit "F"** which shall, *inter alia*, dismiss with prejudice the Settlement Class' claims against CardConnect.  If any person appeals the Court's order of Final Approval of the Settlement, the Parties will use their respective best efforts to defeat the appeal.

12

**8.** **CONFIRMATORY DISCOVERY**

Prior to executing this Settlement Agreement, Plaintiffs requested confirmatory discovery concerning the number of potential Class Members, including the breakdown between Current Class Members and Former Class Members.  CardConnect has provided this information.

**9.** **SETTLEMENT CLASS RELIEF**

The Parties agree as follows:

9.1    Settlement Proceeds:  CardConnect has agreed to pay up to Seven Million, Six Hundred and Fifty Thousand U.S. Dollars and Zero Cents ($7,650,000.00) to settle the Action ("Settlement Proceeds").  From the Settlement Proceeds, the following amounts will be paid: (a) payment of the Court-authorized Attorneys' Fees and Costs awarded to Class Counsel; (b) payment of the Court-authorized Incentive Awards awarded to the Class Representatives; and (c) payment of the Administration Costs of the Settlement, including the cost of providing notice.

9.2    CardConnect, via the Settlement Administrator, will pay the Net Settlement Proceeds to the Settlement Class via checks as follows:

Current Class Members

9.2.1    Class Members which are Current Class Members shall be entitled to receive one-third (1/3) of the Net Settlement Proceeds ("Current Class Members Net Settlement Proceeds") which shall be allocated among Current Class Members as follows:

    i.    Thirty five percent (35%) of the Net Settlement Proceeds allocated to Current Class Members will be equally

13

allocated, on a *per capita* basis, to each such Settlement Class Member; and

ii.    Sixty five percent (65%) of the Net Settlement Proceeds allocated to Current Class Members will be allocated to each such Settlement Class Member, on a *pro rata* basis, based on the total number of months during which such Current Class Member was a customer of Defendant during the Class Period.

9.2.2    In addition, subject to approval by the Court and as additional consideration for the releases of the claims of the Current Class Members, CardConnect agrees to amend the terms and conditions governing its merchant agreement so that an individual Current Class Member will have a fifty (50)-day window after notice of a CardConnect-initiated fee increase or new fee to terminate its account without payment of an early termination fee.  CardConnect agrees to implement such amendment within sixty (60) days of the Effective Date, and the amendment shall remain in effect for no less than three (3) years. Defendant shall notify all Current Class Members of this amendment to the Merchant Agreement at least thirty (30) days prior to the amendment taking effect, which notice may take the form of a summary notice located in the merchant's monthly statement.

AMERICAS 102432317

Former Class Members

9.2.3    Class Members which are Former Class Members shall be entitled to receive up to two-thirds (2/3) of the Net Settlement Proceeds upon the timely submission of a valid Claim Form which shall be allocated among Former Class Members as follows:

     i.    Thirty five percent (35%) of the Net Settlement Proceeds allocated to Former Class Members will be equally allocated, on a *per capita* basis, to each such Settlement Class Member;

     ii.   Sixty five percent (65%) of the Net Settlement Proceeds allocated to Former Class Members will be allocated to each such Settlement Class Member, on a *pro rata* basis, based on the total number of months during which such Former Class Member was a customer of Defendant during the Class Period.

9.2.4    Distribution of Settlement Payments:  The settlement payments provided for in paragraphs 9.2.1 and 9.2.3 shall be distributed to Class Members no later than ninety (90) days after the Effective Date.  CardConnect, Class Counsel, and the Settlement Administrator shall work cooperatively to ensure that payments are accurately calculated and timely distributed.

9.3    Class Counsel's Fees and Costs:  CardConnect agrees not to oppose the Court's approval of attorneys' costs of One Hundred Thousand U.S. Dollars and Zero Cents

AMERICAS 102432317

($100,000.00) and attorneys' fees not to exceed one-third of the Settlement Proceeds ("Attorneys' Fees and Costs"), but will not agree to any award of a greater sum in attorneys' fees and costs.  Payment of this Attorneys' Fees and Costs will be made in accordance with wiring instructions to be provided by Class Counsel within fifteen (15) days of the Effective Date.  Class Counsel shall file a motion for approval of attorneys' fees and costs no later than one hundred and thirty five (135) days after Preliminary Approval and agrees not to seek an award of attorneys' fees or costs in excess of the Attorneys' Fees and Costs.  Any Court-authorized award of the Attorneys' Fees and Costs shall be payable solely out of the Settlement Proceeds.  Class Counsel is responsible to make payments as necessary to any other counsel who have been involved in the Action.  Any court order that reduces the award of Attorneys' Fees and Costs on appeal or otherwise shall not provide a basis for Plaintiffs or Class Counsel to terminate the Settlement.  The Parties negotiated and reached agreement on Attorneys' Fees and Costs and Incentive Awards only after reaching agreement on all other material terms of the Settlement.

9.4    Incentive Awards.    CardConnect agrees not to oppose the Court's approval of the payment of Fifteen Thousand U.S. Dollars and Zero cents ($15,000.00) to each of the three Class Representatives in the Action ("Incentive Awards").  The Incentive Awards, which shall not exceed Fifteen Thousand U.S. Dollars and Zero cents ($15,000.00) each, shall be paid by checks delivered to Class Counsel within fifteen (15) days of the Effective Date for distribution to the appropriate Class Representative.   The Incentive Awards shall be paid to the Class Representatives in addition to the benefits they are entitled to receive under this Agreement as Settlement Class Members.  Class Counsel shall file a motion for approval of Incentive Awards no later than one hundred and thirty five (135) days

after Preliminary Approval and agrees not to seek incentive awards in excess of the Incentive

Awards.   Any Court-authorized Incentive Award shall be payable solely out of the

Settlement Proceeds.   Any court order that reduces the amount of the Incentive Award on

appeal or otherwise shall not provide a basis for Plaintiffs or Class Counsel to terminate the

Settlement.

       9.5   <u>Failure to Settle</u>:   The Parties agree that, if the Settlement Agreement is

not approved, or if the Settlement is terminated pursuant to paragraph 11, the Settlement and

all proceedings had in connection therewith shall be without prejudice to any Party's

positions (both legal and factual) in the Action.   To that end, each Party shall not forfeit or

waive any factual or legal defense or contention in the Action in the event that the Settlement

is terminated.   The Parties further agree to jointly move the Court to vacate all Orders issued

pursuant to the Settlement in the event that the Settlement is terminated.

       9.6   <u>Administration of Claims</u>

       9.6.1   In order to participate in the Settlement, Former Class Members

shall submit a Claim Form, substantially in the form of **Exhibit**

**"A"** including: (a) their merchant name; (b) current mailing

address where their payment shall be sent; (c) email address; and

(d) their CardConnect merchant identification number ("<u>MID</u>"), if

available.   Further, the individual completing the Claim Form on

behalf of each Former Class Member shall affirm, under penalty of

perjury, that he/she is (1) an authorized representative of a member

of the Settlement Class, and (2) paid one or more of the Subject

Fees during the Class Period.   A website will be established for the

AMERICAS 102432317

submission of electronic Claims Forms.  All representations made in Claim Forms will be subject to verification through records of CardConnect.

9.6.2   Claim Forms must be electronically received by the Settlement Administrator or postmarked no later than two hundred and ten (210) days after Preliminary Approval.

9.6.3   Before distribution of payments to Former Class Members, the Settlement Administrator will provide Class Counsel with a list of claims that the Settlement Administrator or CardConnect deems invalid.  If Class Counsel believes any challenged claims(s) is/are not invalid and should be paid, they shall meet and confer with the Settlement Administrator and CardConnect.  If no resolution is reached, Class Counsel may promptly bring the issue(s) to the attention of the Court, which will have final say over the dispute. No claim shall be denied based solely on a Former Class Member's failure to provide a MID.

9.6.4   Each postcard and email notice sent to Former Class Members shall contain a unique identification number such that the Administrator can tie a Claim Form to a Former Class Member.

9.6.5   The Parties agree to cooperate to establish and implement other necessary procedures in order for the Settlement benefits to be provided to Class Members in the most cost efficient way possible for all Parties.

AMERICAS 102432317

10.    **RELEASES**

10.1    As of the Effective Date, Plaintiffs and all members of the Settlement Class, on behalf of themselves individually and their current or former agents, employees, predecessors, successors, heirs, and assigns ("Releasing Parties"), do hereby voluntarily and knowingly agree to fully, finally, irrevocably, and unconditionally release and discharge CardConnect, and each of its present and former parents (including First Data and Fiserv), subsidiaries, predecessors-in-interest or title, successors-in-interest or title, affiliates, members, limited and general partners, shareholders, directors, officers, employees, current and former employees, and each of their past or present officers, principals, executives, members, managers, agents, attorneys, and representatives ("Released Parties") from any and all liabilities, rights, claims, demands, actions, suits, causes of action, damages, costs, attorneys' fees, losses, and remedies that have or could have been brought, alleged, or asserted, are currently pending or were pending, whether known or unknown, suspected or unsuspected, asserted or unasserted, existing or potential, liquidated or unliquidated, under or pursuant to any statute, regulation, common law, or equity, that result from, arise out of, are based upon, or relate in any way, directly or indirectly, to: (a) the allegations in the Action, (b) the defense of the Action; (c) all facts which relate to or arise from the Subject Fees or the Action; (d) the acquisition or receipt of payment card processing services; (e) the assessment of any fees or charges for the processing of credit or debit cards; and (f) any fees or charges imposed by CardConnect or any of its affiliates, from the beginning of the Class Period through Preliminary Approval ("Released Claims").

10.2    Unknown, Unaccrued, or Unsuspected Claims.    Plaintiffs and Class Members intend to grant a full, general, and unconditional release of all Released Claims,

AMERICAS 102432317

whether or not they have knowledge of the existence of any such Released Claims, or of any fact which would give rise to, or support, any such Released Claims, and irrespective of whether the facts presently known to them are correct or complete.   Each Party acknowledges that claims may exist against another Party or its affiliates, which claims are covered by the terms of this release, the nature of which has not yet been discovered.   Each Party acknowledges that it may have underestimated, in the amount or severity, presently existing claims against another Party or its affiliates.   It is expressly understood and agreed that the possibility that such claims exist, being known and understood, was explicitly taken into account by each Party in determining whether there was adequate consideration in exchange for entering into this Agreement and a portion of that consideration, having been bargained for between the Parties with knowledge of the possibility of such unknown claims, was given in exchange for full accord, satisfaction, and discharge of all such claims.   This release is intended to be, and remain in effect as, a full and complete general release, notwithstanding the discovery or existence of different or additional facts, relating to the Released Claims.

      10.3   <u>Notice to California Class Members.</u> In furtherance of this intention, as expressed in paragraphs 10.1 and 10.2 of this Settlement Agreement, California customers that are members of the Settlement Class also expressly waive any and all rights granted by California Civil Code section 1542, or any similar provision in any other jurisdiction. Class Members acknowledge they are fully and completely familiar with, section 1542 of the California Civil Code, and California customers that are members of the Settlement Class acknowledge that any questions they have concerning this release may be answered by Class Counsel.  Section 1542 of the California Civil Code provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

10.4   The Parties expressly waive all rights under any applicable or non-applicable statute or other provision limiting the release of claims by a person or entity that are not known or suspected to exist in such person's or entity's favor at the time of executing the release and which if known or suspected would have materially affected such person's or entity's decision whether or not to enter into such release.  The waiver of any or all statutory or common law rights is not an acknowledgement that any or all these state laws govern this Agreement.

10.5   In the event that an order approving the Settlement is overturned on appeal, and the Settlement is not reinstated and finally approved without material change by the Court on remand, then the releases contained in this Agreement will be null and void.

10.6   Plaintiffs and all members of the Settlement Class agree that this Settlement Agreement shall be construed to be, and is, a covenant by Plaintiffs and all members of the Settlement Class, for themselves, their affiliates, agents, successors, and assigns, not to sue, institute, or instigate any legal, equitable, or administrative investigation or proceedings against CardConnect for any Released Claims.  Plaintiffs and all members of the Settlement Class agree and acknowledge that the covenants not to sue in this Settlement Agreement are made to inure to the benefit of, and are specifically enforceable by, CardConnect, its respective parents, subsidiaries, agents, employees, representatives,

AMERICAS 102432317

directors, officers, affiliates, heirs, executors, predecessors, successors, and assigns.  Upon the Effective Date, each member of the Settlement Class that has not timely and properly excluded himself or herself by opting out of the Settlement Class shall be deemed to have made the covenants.  Nothing in this paragraph or Agreement will release or otherwise affect any right of the Releasing Parties to contest for any reason any statement sent by Defendant after Preliminary Approval.

10.7    Plaintiffs represent and warrant that they are the current legal and beneficial owners of the Released Claims and that they have not assigned, pledged, or contracted to assign or pledge any such Released Claim to any person, other than their attorneys in connection with contingent fee agreements.  All claims that Plaintiffs and the Settlement Class have assigned or pledged to their attorneys, or contracted to assign or pledge to their attorneys, are released to the same extent as the Released Claims.

10.8    Plaintiffs warrant and represent that they have asserted no claim in the Action except those that they own, that they can provide a complete resolution of their claims in the Action, and that no part of Plaintiffs' or the Settlement Class's Released Claims in the Action against CardConnect will remain viable after the dismissal of the Action.

10.9    The terms of the release and covenants provided and effectuated by this Settlement Agreement are to be broadly construed in favor of a complete resolution of all claims that were actually raised in or could have been raised in the Action by Plaintiffs or the Settlement Class Members.

10.10   Notwithstanding any provision in this Settlement Agreement to the contrary, nothing in this Settlement Agreement not in this release, shall release any Party of

22

its respective obligations under this Agreement or otherwise preclude any Party from filing an action against another Party for the purpose of enforcing its rights under this Agreement.

10.11   Consistent with the general release of these claims, the Plaintiffs agree not to institute any federal, state, territorial, or private regulatory, administrative, legal, or other proceeding, investigation, inquiry, examination, or review related to the Released Claims, unless such action is required by law.

**11.   TERMINATION OF SETTLEMENT AGREEMENT**

11.1   In addition to any other ground for termination provided for elsewhere in this Agreement, in the event that the Court or any appellate or other court enters an order altering this Settlement Agreement in a way that either Party believes, in its sole discretion, materially and adversely affects its interests, the affected Party may, within fourteen (14) days from the entry of such order, void this Settlement Agreement on such grounds.  No such termination right will exist after the Effective Date.

11.2   The terminating Party shall provide written notice of its decision to terminate to the other Party.

**12.   NO ADMISSION OF LIABILITY**

12.1   The Settlement reached in this Settlement Agreement is made only to compromise and settle the Action between Plaintiffs and the Settlement Class and CardConnect without further litigation and should in no way be construed as an admission of liability or wrongdoing of any kind by CardConnect.   Rather, CardConnect denies any wrongdoing or liability.  This Settlement is intended to resolve claims disputed as to both the facts and the law, and each Party has relied upon its own employees' and counsel's advice and work in entering into this Settlement Agreement and not the advice or work of any other

23

Party's employees or counsel.  No Party to the Settlement Agreement, and no one in privity with them, shall argue before any court, agency, or other forum that the Settlement shows or evidences an admission by CardConnect that it violated any law or legal obligation.  Neither this Settlement Agreement nor any of the negotiations connected with it may be offered or received in evidence for any purpose other than for purposes of the proceedings to approve this Settlement Agreement and to obtain dismissal of the Action or to otherwise enforce this Settlement Agreement.

12.2     The Parties and their counsel agree that this Settlement Agreement, the offers or counteroffers made during the negotiations of the Settlement and Settlement Agreement, any pleadings, statements, or other papers related to this Settlement Agreement, or any other act or statement in the negotiations or settlement procedures shall not be offered into evidence or otherwise used to contend that the Court should certify a contested or opposed class in the Action or any other proceeding.  CardConnect's efforts to resolve all issues in the context of the Settlement Class shall not be used to argue that any class should be certified against CardConnect outside of this negotiated Settlement context, and, in the event this Settlement Agreement does not receive Final Approval for any reason, CardConnect's agreement that this matter be treated as a class action shall be deemed withdrawn and CardConnect shall retain the right to object to the maintenance of the Action as a class action.

13.    **GENERAL PROVISIONS**

13.1     <u>Modifications</u>.   CardConnect and Class Counsel may agree by written amendment to modify the provisions of this Settlement Agreement as they deem necessary to effectuate the intent of the Settlement Agreement, provided, however, that they may make no

AMERICAS 102432317

agreement that reduces or impairs the benefits to any Settlement Class Member without approval by the Court.

13.2    No Oral Modifications.    No alterations, modifications, supplements, changes, amendments, waivers, or termination of this Agreement shall be valid unless in writing and executed by all Parties.  No waiver of any provision of this Agreement shall constitute a waiver of any other provision.  Each Party warrants that he, she, or it has not relied on any promises or representations outside of this Agreement.

13.3    Binding Effect of Settlement Agreement.  The terms and provisions of this Settlement Agreement shall be binding upon, and inure to the benefit of, each of the Parties and each of their respective successors, heirs, and assigns.

13.4    Multiple Originals/Counterparts.  This Settlement Agreement, including Exhibits, may be executed in one or more counterparts, each of which when so executed and delivered shall be deemed to be an original, but all of which taken together shall constitute but one and the same instrument.  A facsimile or a PDF copy of a signature page shall be acceptable in the absence of an original signature page.

13.5    Authority of Persons Signing Settlement Agreement.  Counsel executing this document for the Parties represent and warrant that they do so with full authority to bind each such Party and their co-counsel to the terms and provisions in this Agreement.  Further, Class Counsel individually represent to CardConnect that they have concluded, after independent investigation, that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members.

13.6    Entire Settlement Agreement.  This Settlement Agreement is the entire agreement and understanding among each of the Parties relating to this subject matter and

AMERICAS 102432317

supersedes all prior proposals, negotiations, agreements, and understandings between the Parties.  All negotiations, understandings, conversations, and communications are merged into this Agreement and have no force and effect other than as expressed in the text of this Agreement.  The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding respecting any part or all of the subject matter of this Settlement Agreement has been made or relied on except to the extent expressly set forth in this Settlement Agreement.

13.7    Governing Law and Venue and Jurisdiction.  This Settlement Agreement shall be governed, construed by, and follow the laws of the State of Pennsylvania, without regard to its conflict of laws.  Jurisdiction and venue for all proceedings in connection with this Settlement Agreement, or arising as a result of any matter relating to this Settlement, or addressed in this Settlement Agreement, shall be in the United States District Court for the Eastern District of Pennsylvania under the following caption and case number *Teh Shou Kao, et al. v. CardConnect Corp.*, Case No. 2:16-cv-05707-GJP (E.D. Pa.).

13.8    Enforcement of Agreement.  Each Party hereby irrevocably submits to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of Pennsylvania for any suit, action, proceeding, case, controversy, or dispute arising in the United States and relating to this Agreement and/or Exhibits hereto and negotiation, performance, or breach of same.

13.9    Voluntary Agreement and Consultation With Counsel.  The Parties represent and acknowledge: (a) they have read this Settlement Agreement; (b) they have made such investigation of the matters pertaining to this Settlement Agreement as they deem necessary and find the terms of this Settlement Agreement to be satisfactory; (c) they

AMERICAS 102432317

understand all of this Settlement Agreement's terms; (d) they execute this Settlement Agreement freely, voluntarily, and without coercion, with full knowledge of its significance and the legal consequences thereof; and (e) they have consulted legal counsel and have had an adequate opportunity to review and consider the terms of this Settlement Agreement. Furthermore, the Parties agree that no fiduciary relationship exists among them, and no Party is dependent upon any other Party for knowledge, advice, guidance, financial support, or the ability to knowingly and independently enter into this Agreement.

13.10 <u>Further Assurances</u>.   Each Party shall undertake good faith efforts to perform any and all of that Party's obligations under this Settlement Agreement.   In this connection, each Party shall take any and all actions, and execute, have acknowledged, and deliver any and all further documents that one or more other Parties may reasonably request to effectuate the intents and purposes of this Settlement Agreement.

13.11 <u>Time Frames</u>.   The Parties recognize that additional time might be required in order to accomplish the actions or tasks provided for by the Settlement Agreement.   In the event that a Party is unable to accomplish any task within the allotted time, the other Parties agree to seek a reasonable extension of time from the Court.

13.12 <u>Costs</u>.   Other than the Attorneys' Fees and Costs provided for in this Settlement Agreement, the Parties hereby each agree to bear their own attorneys' fees, costs, and expenses, including but not limited to expert witness fees and expenses, incurred in connection with the Action and this Settlement Agreement.

13.13 <u>Effect of Invalidity/Severability</u>.   Wherever possible, each provision of this Settlement Agreement shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision should be prohibited or invalidated under such law,

such provision shall be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or other provisions of this Settlement Agreement.

13.14   <u>Notices</u>.  All notices required or permitted hereunder shall be in writing and shall be sent via e-mail and Federal Express (or other overnight courier) and addressed as follows:

| | |
|---|---|
| If to CardConnect: | Jaime A. Bianchi |
| | Sheldon Philp |
| | White & Case LLP |
| | 200 South Biscayne Boulevard, Suite 4900 |
| | Miami, Florida 33131-2352 |
| | jbianchi@whitecase.com |
| | sphilp@whitecase.com |
| | |
| If to Plaintiffs: | E. Adam Webb |
| | Matthew C. Klase |
| | Webb, Klase & Lemond, LLC |
| | 1900 The Exchange, S.E., Suite 480 |
| | Atlanta, Georgia 30339 |
| | adam@webbllc.com |
| | matt@webbllc.com |

13.15   <u>Confidentiality/Non-Disparagement</u>.  The Parties agree that any facts or circumstances concerning the Action and the terms and conditions of this Settlement Agreement shall be kept strictly confidential among the Parties and their counsel, except as provided in paragraph 4, and are not to be revealed to any other person or entity, except as may be necessary to comply with applicable law.  Subject to paragraph 4, no Party will make any press release or other form of public announcement regarding the Settlement other than what the Court orders in connection with class notice.  The Parties further agree that they will keep confidential their dealings and opinions about each other with respect to the Action and the settlement thereof, and that they will not make any disparaging statements about the other

28

with respect to the Action and the settlement thereof, or imply that any Party prevailed over any other Party in connection with the claims which are the subject of this Agreement.  The Parties reserve the right to speak publicly about the Settlement in the context of developments in the law, but Class Counsel shall refrain from speaking negatively about CardConnect and will not otherwise address the merits of the litigation.  The Parties further agree this paragraph is an essential and material term of this Agreement and, without it, no settlement would have been reached.

13.16   <u>No Obligation to Third Parties</u>.  Except for the Parties to this Agreement and as otherwise provided herein, no person is intended to be a beneficiary of any provision of this Agreement and, accordingly, there shall be no third party beneficiaries of this Agreement.

13.17   <u>Default</u>.  If any Party defaults upon any provision of this Agreement, a Party shall have the right to enforce the Agreement in this Court, which shall retain jurisdiction to enforce this Agreement, and obtain from the defaulted Party all reasonable attorneys' fees, court costs, and litigation expenses, including but not limited to expert witness fees and expenses, to enforce the Agreement.

13.18   <u>Effective Date of Agreement</u>.  This Settlement Agreement shall be effective upon the signing of the Agreement by all of the persons whose signature is included on a signature page of this Agreement.

IN WITNESS WHEREOF, each Party hereto has approved and executed this Class Action Settlement Agreement and General Release on the date set forth below.

*[SIGNATURES FOLLOW ON THE NEXT PAGE]*

AMERICAS 102432317

**EXECUTION VERSION**

**Signature Pages**

**FOR PLAINTIFFS**

Plaintiffs Teh Shou Kao, T.S. Kao Inc., The
Law Offices of Kevin Adams, PLLC, and
Tech Lounge SP, LLC, individually and as
representatives of others similarly situated

*All Actions*

s/ _____

E. Adam Webb, Esq.
Lead Counsel and Proposed Class Counsel for
the Settlement Class

Date: June 19, 2020

**FOR DEFENDANTS**

CardConnect Corp.
*All Actions*

s/ _____
Name:
Position: Its Attorney

Date: _____, 2020

30

AMERICAS 102432317

**EXECUTION VERSION**

**Signature Pages**

## <u>FOR PLAINTIFFS</u>

| | |
|---|---|
| Plaintiffs Teh Shou Kao, T.S. Kao Inc., The Law Offices of Kevin Adams, PLLC, and Tech Lounge SP, LLC, individually and as representatives of others similarly situated | s/ _____<br>E. Adam Webb, Esq.<br>Lead Counsel and Proposed Class Counsel for the Settlement Class |
| *All Actions* | Date: _____, 2020 |

## <u>FOR DEFENDANT</u>

| | |
|---|---|
| CardConnect Corp.<br>*All Actions* | s/ *Jaime A. Bianchi* _____<br>Jaime A. Bianchi, Esq.<br>Counsel for CardConnect Corp.<br><br>Date: <u>June 19, 2020</u> _____ |

AMERICAS 102432317

**Exhibit A – Former Customer Claim Form**

Identification Number: <<#######>>

## FORMER CUSTOMER CLAIM FORM

To claim your payment as a former CardConnect customer, complete this form, sign it, and mail it by the deadline below. You can also file your claim online at www.CardConnectSettlement.com using the Identification Number above. Your actual payment will depend on multiple factors, including the number of months you spent as a CardConnect customer.

**Your Claim Form must be postmarked or filed online by [CLAIM DEADLINE]. Late claims will be rejected.**

PROVIDE THE BELOW INFORMATION:

_____   _____
Merchant Name                              CardConnect Merchant ID Number (if available)

_____
Current Email Address

_____
Current Mailing Address

_____   _____   _____
City                                             State   Zip Code

_____   _____
Authorized Representative Signature                      Date

By signing this claim form, you are affirming, under penalty of perjury, that you are the authorized representative of a member of the settlement class and paid at least one of the following fees from November 1, 2012 through **[PRELIMINARY APPROVAL DATE]**: CardPointe Fee; Data Breach Fee; EMV P2PE Fee; Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee. Many CardConnect customers may have paid at least one of these fees.

**EXHIBIT B [Proposed Preliminary Approval Order]**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TEH SHOU KAO and T S KAO, INC.,** on behalf of themselves and all others similarly situated, <br><br>                 **Plaintiffs,** <br><br>       v. <br><br> **CARDCONNECT CORP.,** <br><br>                 **Defendant.** | Consolidated Civil Action No. 2:16-cv-5707 <br><br> HON. GERALD J. PAPPERT |
| **TECH LOUNGE SP, LLC and THE LAW OFFICE OF KEVIN ADAMS, PLLC,** on behalf of themselves and all others similarly situated, <br><br>                 **Plaintiffs,** <br><br>       v. <br><br> **CARDCONNECT CORP.,** <br><br>                 **Defendant.** | |

## ORDER GRANTING PRELIMINARY APPROVAL AND DIRECTING NOTICE

Plaintiffs and Defendant CardConnect Corp. have agreed to a settlement of these actions, the terms and conditions of which are set forth in an executed Class Action Settlement Agreement and Release.  Under the settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed settlement class would fully, finally, and forever resolve, discharge, and release their claims in exchange for Defendant's payment of up to $7.65 million, inclusive of the costs of notice and settlement administration, legal fees and costs of class counsel, and incentive awards to Plaintiffs.  In addition, Defendant is required to amend its practices for at least three years to provide additional time to settlement class members that remain customers to terminate their accounts without penalty in the event of future CardConnect-initiated fee increases.

The proposed settlement has been filed with the Court, and Plaintiffs and class counsel filed an Unopposed Motion for Preliminary Approval of Class Settlement (the "motion").  Upon considering the motion and exhibits thereto, the proposed settlement, the record in these proceedings, the representations and recommendations of class counsel, and the requirements of law, the Court has determined the proposed settlement appears to be fair, adequate, and reasonable and satisfies the criteria for preliminary approval and the notice plan should be approved and notice directed to the settlement class.  Accordingly, good cause appearing in the record, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

## I.      BACKGROUND

1.      Plaintiffs allege CardConnect charged them and other CardConnect merchants certain rates and fees for payment-processing services that were excessive.

2.      CardConnect has denied Plaintiffs' allegations regarding liability, has denied Plaintiffs' and the Class's entitlement to damages or any other relief, and has asserted numerous defenses.

3.      The settlement proposed here was reached after engaging in extensive arm's-length negotiations before mediator Rodney Max.  Further, the settlement was reached only after counsel litigated numerous substantive and procedural matters for more than three years by: (a) conducting extensive written and oral discovery; (b) briefing and conducting numerous hearings regarding Plaintiffs' claims against CardConnect; and (c) retaining and consulting with damages experts, which informed the parties' settlement.

4.      The mediation sessions included presentations by the parties highlighting the strengths and weaknesses of their respective positions, including on class certification and the merits.

## II.   FINDINGS WITH RESPECT TO PRELIMINARY CERTIFICATION OF A SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT

5.   This Court has jurisdiction over this case and each of the settlement class members for all matters relating to these actions and the settlement, including without limitation, all matters relating to the administration, interpretation, effectuation and/or enforcement of the settlement and this order.

6.   The Third Circuit has approved class certification for settlement purposes where the proposed class satisfies the four requirements of Federal Rule of Civil Procedure 23(a) and one of the elements of Federal Rule of Civil Procedure 23(b).  *See Sullivan v. DB Invs., Inc.*, 667 F.3d 276, 296 (3d Cir. 2011).

7.   Rule 23(a) contains four threshold requirements—numerosity, commonality, typicality, and adequacy.  *Wal-Mart, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011); *Sullivan*, 667 F.3d at 296; Fed. R. Civ. P. 23.

8.   Rule 23(b)(3) requires (1) that common questions of law or fact predominate over individual questions; and (2) that a class action is superior to other available methods of adjudication.  *Id.*   When taking a proposed settlement into consideration for purposes of determining class certification, individual issues which may normally be present in litigation become irrelevant, allowing the common issues to predominate.  *Sullivan*, 667 F.3d at 304, n.29. Likewise, a court need not consider whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial.  *Id.* at 322 n. 56; *see also In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.*, 333 F.R.D. 364, 374 (E.D. Pa. 2019) (noting "the existence of a settlement means that certain Rule 23 considerations are not applicable . . . .  For example, because a settlement obviates the need for trial, concerns regarding the manageability of a Rule 23(b)(3) class disappear") (citations omitted).

3

9.     In determining whether the requirements of Rule 23 have been met, the Court confines its inquiry to those aspects of the merits relevant to making the certification decision on an informed basis. *Sullivan*, 667 F.3d at 305.

10.     The Court preliminarily finds, for settlement purposes only, that the actions satisfy the applicable prerequisites for class treatment under Rule 23, namely:

    a.  The settlement class is so numerous that joinder of all members is impracticable;

    b.  There are questions of law or fact common to the settlement class;

    c.  The claims of the class representatives are typical of the settlement class;

    d.  The class representatives will fairly and adequately protect the interests of the settlement class and have retained class counsel experienced in class action litigation who have and will continue to adequately represent the settlement class;

    e.  The questions of fact or law common to the members of the settlement class predominate over the questions affecting only individual members; and

    f.  class treatment of the Plaintiffs' claims is superior to other available methods for the fair and efficient adjudication of the controversy.

11.     Accordingly, for the foregoing reasons, the Court preliminary certifies the following settlement class under Federal Rule of Civil Procedure 23, for purposes of the settlement only:

    All CardConnect Merchants that paid at least one of the Subject Fees from November 1, 2012 through the date of this order.[1]

_____

[1] "CardConnect Merchant" means any merchant that became a customer by signing an agreement for processing services with Defendant that is governed by Pennsylvania law. "Subject Fees" means the following fees:  CardPointe Fee; Data Breach Fee; EMV P2PE Fee;

Excluded from the settlement class are: (i) those customers that opt out of this agreement; (ii) CardConnect officers, directors, or employees, any entity in which CardConnect has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of CardConnect; (iii) class counsel and class counsel's employees; and (iv) the Court and any employees of the Court, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

12.    Plaintiffs T.S. Kao, Inc., Tech Lounge SP, LLC, and The Law Office of Kevin Adams, PLLC are preliminarily appointed as class representatives for the settlement class.

13.    The following counsel are preliminarily appointed as class counsel under Federal Rule of Civil Procedure 23(g):

> E. Adam Webb
> Matthew C. Klase
> Webb, Klase & Lemond, LLC
> 1900 The Exchange, S.E., Suite 480
> Atlanta, Georgia 30339

The Court finds that these lawyers are experienced and will adequately protect the interests of the settlement class.

14.    The purpose of preliminary approval of a class settlement is to obtain authority for notifying the class of the terms of the settlement and to set the stage for the final approval of the settlement.  *See* Fed. R. Civ. P. 23(e)(1).  If a settlement falls within the range of possible approval, notice should be given to class members to allow them the opportunity to review and comment on the proposed settlement.  *Glaberson v. Comcast Corp.*, No. 03-6604, 2014 U.S.

---

Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee.

Dist. LEXIS 172040, at *14 (E.D. Pa. Dec. 12, 2014).

15.     In evaluating a settlement for preliminary approval, the Court considers whether: (1) the settlement negotiations occurred at arm's length, (2) there was sufficient discovery, and (3) the proponents of the settlement are experienced in similar litigation.  *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 439 (E.D. Pa. 2008); *Curiale v. Lenox Grp., Inc.*, No. 07-1432, 2008 U.S. Dist. LEXIS 92851, at *26 (E.D. Pa. Nov. 14, 2008).

16.     Here, the proposed settlement was reached only after extensive arms-length negotiations guided by an independent and experienced mediator.  Further, this consolidated action has been pending for over three years, and the parties have engaged in sufficient discovery to support this settlement.  In addition to discovery regarding the fees charged by CardConnect, class counsel engaged in extensive investigation of merchant applications and fee schedules, fee disclosures and notices, processing platforms and databases, and other matters relevant to Plaintiffs' claims during the mediation and settlement process, which gave "[c]lass counsel . . . a strong grasp of the legal hurdles that [p]laintiffs would face in order to succeed on their claims," *In re Comcast Corp.*, 333 F.R.D. at 382, and informed them of the substantial risks of continued litigation.  Finally, class counsel, who are experienced in the prosecution, evaluation and settlement of class action litigation, strongly recommend the proposed settlement.  *See, e.g., Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628 (E.D. Pa. 1994) (noting courts have repeatedly and explicitly deferred to the recommendations of experienced counsel who have negotiated the settlement at arms-length and in good faith); *Hanrahan v. Britt*, 174 F.R.D. 356, 366 (E.D. Pa. 1997) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery") (citation, internal quotation omitted).

17.     Accordingly, the Court finds that the proposed Settlement was arrived at by arm's-length negotiations by highly experienced counsel after over three years of litigation and investigation, falls within the range of possible approvable settlements, and is hereby preliminarily approved, subject to further consideration at the final approval hearing provided for below.

### III.   FINDINGS WITH RESPECT TO THE FORM AND MANNER OF NOTICE, THE SETTLEMENT SCHEDULE, AND FINAL APPROVAL HEARING

#### A.     Notice of the Settlement

18.     In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, CardConnect shall promptly provide written notice of the proposed class settlement to the appropriate authorities.

19.     The Court approves the form and substance of the proposed notice of class action settlement, attached to the settlement agreement as Exhibits C-E.  Non-material modifications to the exhibits may be made without further order of the Court.  The proposed form and methods— individual notice and notice via the settlement website, www.CardConnectSettlement.com—for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  *See In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 174 (E.D. Pa. 2000) ("[T]o satisfy due process, notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (citations, internal quotations omitted).  The Court also finds that the proposed notice is clearly designed to advise the settlement class members of their rights.  *See Mehling v.*

*New York Life Ins. Co.*, 246 F.R.D. 467, 477 (E.D. Pa. 2007) (approving proposed notice for settlement class when notice "adequately informs potential class members in clear, understandable language").

20.     Within 10 days of this Order, CardConnect shall provide to the settlement administrator the current or last known mail and email addresses of all settlement class members, delineating those which are current customers and those which are former customers.   The settlement administrator shall compile the settlement class list from the information provided by CardConnect.

21.     CardConnect and the settlement administrator shall cause the settlement notices, in substantially the forms attached to the settlement agreement as Exhibits C-E, to be:

> (i).     disseminated within 90 days following the entry of this order via inclusion with the monthly statements of current customers and via U.S. mail to former customers; and

> (ii).    posted on the settlement website www.CardConnectSettlement.com within 90 days following the entry of this Order.

**B.     Settlement Administration**

22.     The Court hereby appoints KCC Class Action Services LLC as settlement administrator to assist in disseminating the notice to the class and administering the settlement. All expenses incurred by the settlement administrator and outside experts performing services relating to the administration of the settlement must be reasonable and shall be paid out of the $7.65 million settlement proceeds, as described in the settlement agreement.

23.     The settlement administrator must establish a post office box where class members can send requests for exclusion or other correspondence relating to the notice.

C.      **Attorneys' Fees and Costs Award; Class Representatives' Incentive Awards**

24.     All briefs and materials in support of the final approval of the settlement and class counsel's application for an award of attorney fees and costs and incentive awards to the class representatives for their efforts on behalf of the class and the entry of final judgment proposed by the parties to the settlement agreement, shall be filed with the Court no later than 135 days from the entry of this order.

D.      **Exclusions from the Settlement Class**

25.     Any settlement class member that wishes to be excluded from the settlement class must mail a written request for exclusion ("opt-out request") to the settlement administrator and to class counsel, with a postmark date no later than 150 days after entry of this order ("opt-out deadline").  The written notification must identify the settlement class member and this action; state that the settlement class member has chosen to opt-out or exclude itself from the settlement class; and contain the full name, address, position, telephone number and signature of the individual who is acting on behalf of the settlement class member.

26.     No later than 21 days after the opt-out deadline, the settlement administrator shall provide the parties with a final list of all potential class members that have timely and validly excluded themselves from the settlement class.  Class counsel shall report to the Court on the number of potential class members who have excluded themselves before the final approval hearing.

27.     Any settlement class member that does not timely and validly exclude itself from the settlement class shall be bound by the terms of the settlement.  If a final judgment is entered, any settlement class member that has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in

these actions, including but not limited to the release set forth in the settlement and final judgment.

28.     Any settlement class member that submits a valid and timely notice of exclusion shall not be entitled to receive any benefits of the settlement.

E.     **Objections to the Settlement**

29.     A settlement class member that complies with requirements of this order may object to the settlement, class counsel's request for fees and costs, or the request for incentive awards to the class representatives.

30.     In order to be considered by the Court, any objection to the settlement agreement must (a) be electronically filed with the Court or (b) be sent via first class mail, postage prepaid, to the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 5614, Philadelphia, PA 19106-1745, with copies to the following counsel:

*On behalf of Plaintiffs and the Class*:

Matthew C. Klase, Esq.
E. Adam Webb, Esq.
Webb, Klase & Lemond, LLC
1900 The Exchange, S.E., Suite 480
Atlanta, Georgia 30339

*On behalf of CardConnect*:

Jaime A. Bianchi, Esq.
Sheldon Philp, Esq.
White & Case LLP
200 South Biscayne Blvd, Suite 4900
Miami, Florida 33131

Angelo A. Stio III
Pepper Hamilton LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799

31.     For the objection to be considered by the Court, the objection must be filed or postmarked no later than 150 days after entry of this order, and must:

(i)     contain the title of the Action:  *Teh Shou Kao, et al. v CardConnect Corp.*, Case No. 2:16-cv-05707 (E.D. Pa.);

(ii)    contain the name of the objector and the full name, address, email address, and telephone number of the person acting on its behalf;

(iii)   explain the basis upon which the objector claims to be a settlement class member;

(iv)    state whether the objection applies only to the objector, to a specific subset of the settlement class, or to the entire settlement class, and also state with specificity all reasons for the objection;

(v)     be accompanied by all evidence, briefs, motions, or other materials the objector intends to offer in support of the objection;

(vi)    be signed by the objector (an attorney's signature is not sufficient);

(vii)   state the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

(viii)  state the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement or fee application;

(ix)    state the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(x)    identify any and all agreements that relate to the objection or the process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

(xi)    state the identity of all counsel representing the objector who will appear at the final approval hearing; a list of all persons who will be called to testify at the final approval hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or testify at the final approval hearing; at least four dates that the objector will be available to be deposed before the final approval hearing by class counsel and the location where the objector will be available; and

(xii)    if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (a) a description of the attorney's legal background and prior experience in connection with class action litigation; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a

statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

32.     Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement.  Any settlement class member that fails to comply with the provisions in this order shall be deemed to have waived and forfeited any and all rights it may have to object (by appeal, collateral attack or otherwise), will not be heard at the final approval hearing, and shall be bound by all subsequent proceedings, orders, and judgments in these actions, including but not limited to the release set forth in the settlement agreement and final judgment.

33.     All responses to objections must be filed with the Court no fewer than 10 days before the final approval hearing.

**F.     <u>Final Approval Hearing</u>**

34.     A       final       approval       hearing       shall       be       held       on _____, 2021, at ___:___ __.m (Eastern time), in courtroom _____, at the United States District Court for the Eastern District of Pennsylvania.  At the final approval hearing, the Court will consider, among other things: (a) the fairness, reasonableness, and adequacy of the settlement and whether it should be finally approved; (b) whether the Court should approve an award of class counsel's fees and the reimbursement of costs to counsel for the class, and in what amounts; (c) whether payments should be made to the class representatives for their efforts on behalf of the class, and in what amounts; and (d) whether entry of a final judgment terminating this litigation should be entered.

### G.     Submission of Claim Forms by Former Class Members

35.     All former customers seeking to receive a settlement payment must submit to the settlement administrator a completed claim form (Exhibit A to the settlement), which must be received by the settlement administrator and/or postmarked no later than 210 days from the date of this order.  Submission of a claim form shall be the only valid method for former customers to make a claim to share in the settlement, and all former customers must comply with the instructions accompanying the claim form.  If final judgment is entered, former customers who fail to submit a timely, valid claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the settlement agreement, including the release included in that agreement, and the final judgment.

### H.     Termination of the Settlement

36.     In the event that the settlement does not become final, then litigation of this case will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

37.     In the event the settlement agreement and the settlement are terminated in accordance with the applicable provisions of the settlement agreement, the settlement agreement, the settlement, and all related proceedings shall, except as expressly provided to the contrary in the settlement agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against CardConnect, and CardConnect shall retain any and all defenses and counterclaims hereto.  The action shall hereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the settlement agreement and shall proceed as if the settlement agreement and all other related orders and papers had not been executed.

38.     Nothing in this order, the settlement agreement, any other settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the settlement agreement or herein or in any other settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by CardConnect as to the validity of any claim that has been or could have been asserted against CardConnect or as to any liability by CardConnect as to any matter set forth in this order.

**I.      Stay of Proceedings**

39.     All proceedings in this action are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters final judgment and dismisses this action with prejudice.

**J.      Continuance of Final Approval Hearing**

40.     The Court reserves the right to adjourn or continue the final approval hearing and related deadlines without further written notice to the settlement class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website maintained by the settlement administrator.

**K.      Summary of Deadlines**

41.     The settlement agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the final approval hearing.  Deadlines arising under the settlement agreement and this order include but are not limited to the following:

Notice Deadline:  90 days from this order

Filing Motion for Final Approval:  135 days from this order

Filing Motion for Attorneys' Fees, Expenses, and Incentive Awards:  135 days from this order

<u>Opt Out Deadline</u>:  150 days from this order

<u>Objection Deadline</u>:  150 days from this order

<u>Claim Form Deadline</u>:  210 days from this order

Dated: _____, 2020                    BY THE COURT:


_____
GERALD J. PAPPERT, J.

**EXHIBIT C [Monthly Statement Insert Notice]**

## <u>NOTICE OF CLASS ACTION SETTLEMENT</u>

According to the records of CardConnect, you are part of a class action settlement in which up to $7.65 million may be paid to resolve a lawsuit against CardConnect. The lawsuit alleges that merchant-customers of CardConnect were assessed certain unauthorized fees. CardConnect denies these allegations. The parties have entered into this settlement to avoid the expense and uncertainty of litigation.

If the settlement is approved, you will automatically receive a cash payment via a check mailed to your address on file with CardConnect. Payment amounts will vary depending on multiple factors, including the number of months you spent as a CardConnect customer.

To exclude yourself from the settlement, you must write to the address below by **[OPT OUT DEADLINE]**. To object, you must write the Court and the parties by **[OBJECTION DEADLINE]**. For complete instructions, visit www.CardConnectSettlement.com.

The Court will hold a hearing on **[DATE]** at **[TIME]** in Courtroom **[#]**, 601 Market St., Philadelphia, PA 19106, to consider whether to approve the settlement and pay the lawyers for the class up to one third of the $7.65 million settlement amount, reimburse them for their expenses, and pay incentive awards of up to $15,000 for each of the three class representatives. You may appear at the hearing, but do not have to. The Court has appointed lawyers to represent you and the class, but you can hire another lawyer at your own expense.

You can get more details at www.CardConnectSettlement.com, by calling **[NUMBER]**, or by writing **[ADDRESS]**.

**EXHIBIT D [Postcard Notice]**
**(Text only – Settlement Administrator will do formatting)**

TS Kao, Inc. v. CardConnect Corp. Settlement Administrator
**ADDRESS**
**ADDRESS**

<<MailID>>
<<NAME LINE 1>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

==================================================

**If you contracted to receive payment processing services with CardConnect, you may qualify for benefits from a class action settlement. For more information, visit www.CardConnectSettlement.com or call [NUMBER].**

You may be part of a class action settlement in which up to $7.65 million may be paid to resolve a lawsuit against CardConnect. The lawsuit alleges that customers of CardConnect were assessed certain unauthorized payment processing fees. CardConnect denies these allegations but has entered into this settlement to avoid the expense and uncertainty of litigation.

According to the records of CardConnect, you may be eligible to receive a cash payment. Payments will vary depending on multiple factors, including your number of months as a CardConnect customer.

If you were a current customer of CardConnect on **[PRELIMINARY APPROVAL DATE]**, you will automatically be mailed a payment via check if the settlement is approved.

If, on the other hand, you were a former customer of CardConnect as of **[PRELIMINARY APPROVAL DATE]**, you must submit a claim form to get your payment from the settlement. For all such former customers, the claim form is attached. You can also complete the claim form at www.CardConnectSettlement.com, or you can request one be mailed to you by calling **[NUMBER]**. You must submit the form electronically through the website or by mailing it to the address below postmarked on or before **[CLAIM DEADLINE]**.

To exclude yourself from the settlement, you must write to the address below by **[OPT OUT DEADLINE]**. To object, you must write the Court and the parties by the **[OBJECTION DEADLINE]**. For complete instructions, visit www.CardConnectSettlement.com. If you do nothing and were a former customer of CardConnect as of **[PRELIMINARY APPROVAL DATE]**, you will get no benefits and will not be able to sue CardConnect in the future.

The Court will hold a hearing on **[DATE]** at **[TIME]** in Courtroom **[#]**, 601 Market St., Philadelphia, PA 19106, to consider whether to approve the settlement and pay the lawyers for the class up to one third of the $7.65 million settlement amount, reimburse them for their expenses, and pay incentive awards of up to $15,000 to each of the three class representatives. You may appear at the hearing, but do not have to. The Court has appointed lawyers to represent you and the class, but you can hire another lawyer at your own expense.

You can get more details at www.CardConnectSettlement.com, by calling **[NUMBER]**, or by writing **[ADDRESS]**.

==================================================================

Identification Number: <<#######>>

### FORMER CUSTOMER CLAIM FORM

To claim your payment as a former CardConnect customer, complete this form, sign it, and mail it by the deadline below. You can also file your claim online at www.CardConnectSettlement.com using the Identification Number above. Your actual payment will depend on multiple factors, including the number of months you spent as a CardConnect customer.

**Your Claim Form must be postmarked or filed online by [CLAIM DEADLINE]. Late claims will be rejected.**

PROVIDE THE BELOW INFORMATION:

_____    _____
Merchant Name                               CardConnect Merchant ID Number (if available)

_____
Current Email Address

_____
Current Mailing Address

_____    _____    _____
City                                              State      Zip Code

_____    _____
Authorized Representative Signature                Date

By signing this claim form, you are affirming, under penalty of perjury, that you are the authorized representative of a member of the settlement class and paid at least one of the following fees from November 1, 2012 through **[PRELIMINARY APPROVAL DATE]**: CardPointe Fee; Data Breach Fee; EMV P2PE Fee; Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee. Many CardConnect customers may have paid at least one of these fees.

2

**Exhibit E – Long Form Website Notice**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# If you contracted to receive payment processing services with CardConnect, you may qualify for benefits from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A settlement has been proposed to end two consolidated class action lawsuits brought against CardConnect Corp. ("CardConnect" or "Defendant"). The lawsuits, including as the lead case of *Teh Shou Kao, et al. v. CardConnect Corp.*, Case No. 2:16-cv-5707 (E.D. Pa.), allege that Defendant assessed unauthorized payment processing fees on its merchant customers. Defendant denies these allegations but has entered into this settlement to avoid the expense and uncertainty of litigation.

- Under the settlement, if approved by the Court, Defendant will pay up to $7.65 million in benefits to certain current and former CardConnect customers that paid at least one subject fee from November 1, 2012 through **[PRELIMINARY APPROVAL DATE]**. Defendant has also agreed to amend its practices for at least three years to provide current customers with more opportunity to terminate their accounts without paying an early termination fee in the event of future CardConnect-initiated fee increases.

- Current customers will automatically receive a cash payment via check. The amount of your cash payment will be based on factors which are described in the settlement agreement.

- Former customers who file a valid and timely claim are eligible to receive a cash payment via check. The amount of your cash payment will be based on factors which are described in the settlement agreement. The deadline for filing your claim is **[CLAIM DEADLINE]**.

- If approved by the Court, the costs of notice and administration, the fees and expenses of the lawyers representing the class, and incentive awards to the class representatives will be paid from the $7.65 million settlement amount.

- The Court has scheduled a hearing on **[DATE]**, in Philadelphia, Pennsylvania to decide whether to finally approve the settlement and other related matters.

*Your legal rights are affected whether you act or don't act. Read this Notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **DO NOTHING** | If you are a current customer, you will automatically receive payment and be subjected to CardConnect's revised early termination fee policy. |
| | If you are a former customer, you will get no compensation and forfeit your right to sue Defendant for the claims being resolved by this settlement. |
| **ACCEPT THE BENEFITS OF THE SETTLEMENT** | If you are a current customer, you will automatically receive a payment and be subjected to CardConnect's revised early termination fee policy. |
| | If you are a former customer, you must file a claim form to be eligible for a payment. This is the only way to get compensation from the settlement if you are a former customer. |

**Questions?  Call [NUMBER] toll-free, or visit www.CardConnect Settlement.com**

| EXCLUDE YOURSELF FROM (OPT OUT OF) THE SETTLEMENT | If you ask to be excluded, you will not receive any benefits from the settlement, but you may be able to file your own lawsuit. |
|---|---|
| OBJECT | You may remain in the case and file an objection telling the Court why you do not like the settlement. If your objections are overruled, you will be bound by the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**Basic Information**............................................................................................................. **Page 3**

   1. Why did I get this notice?
   2. What is this lawsuit about?
   3. Why is this class action?
   4. Why is there a settlement?

**Who Is Part of the Settlement**........................................................................... **Page 4**

   5. How do I know if I am part of the settlement?
   6. Are there exceptions to being included?

**The Settlement Benefits**....................................................................................... **Page 4**

   7. What does the settlement provide?
   8. How much will my cash payment be?

**How to Get a Payment**............................................................................................ **Page 5**

   9. How do I get a cash payment?
   10. When will I get the settlement benefits for which I am eligible?
   11. What do I give up to get a settlement benefit or remain in the class?

**Excluding Yourself from the Settlement**.................................................... **Pages 5-6**

   12. How can I exclude myself from the settlement?
   13. If I don't exclude myself, can I sue Defendant for the same thing later?
   14. If I exclude myself, can I get money from this settlement?

**The Lawyers and Merchants Representing You**........................................ **Page 6**

   15. Do I have a lawyer in the case?
   16. How will the lawyers representing the class be paid?
   17. Will the class representatives get anything?

**Objecting to the Settlement**............................................................................. **Page 7**

   18. How do I tell the Court that I don't like the settlement?
   19. What's the difference between objecting and excluding/opting out?

**The Court's Final Approval Hearing**………………………………………………….......... **Page 8**

   20. When and where will the Court decide whether to approve the settlement?

**Questions?  Call [NUMBER] toll-free, or visit www.CardConnectSettlement.com**

21.  Do I have to attend the hearing?

**If You Do Nothing** ............................................................................................................ **Page 8**

22.  What happens if I do nothing at all?

**Getting More Information** ................................................................................................ **Page 8**

23.  How do I get more information?

## BASIC INFORMATION

| 1.    Why did I get this notice? |
|---|

According to the records of CardConnect, you (a) became a customer by signing an agreement for processing services with Defendant that is governed by Pennsylvania law (b) and paid at least one of the Subject Fees to CardConnect between November 1, 2012 and **[PRELIMINARY APPROVAL DATE]**. "Subject Fees" means the following fees: CardPointe Fee; Data Breach Fee; EMV P2PE Fee; Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee.

The Court authorized this notice because you have a right to know about your rights under a proposed class action before the Court decides whether to approve the settlement. If the Court approves the settlement and after any objections and appeals are resolved, cash payments that the settlement allows will be made.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2.    What is this lawsuit about? |
|---|

The consolidated case is known as *Teh Shou Kao, et al. v. CardConnect Corp.*, Case No. 2:16-cv-5707, and is pending in the United States District Court for the Eastern District of Pennsylvania. The merchants who sued are called the "Plaintiffs," and the company they sued—CardConnect—is the "Defendant."

Plaintiffs contracted with Defendant to process payment card transactions. Plaintiffs claim that Defendant added or increased the amount of certain unauthorized fees to their monthly invoices, specifically the Subject Fees (defined above).

The lawsuit seeks to recover the amount that merchants were allegedly overcharged and other relief. Defendant denies that that it acted improperly and asserts it has no legal liability. The Court has not yet decided whether Plaintiffs' claims have merit.

| 3.    Why is this a class action? |
|---|

In a class action, one or more people or entities called "class representatives" sue on behalf of themselves and other people and entities with similar claims. All of these people and entities together are the "class" or "class members." One court resolves the issues for all class members, except for those who exclude themselves from the class. A class action allows the claims of all class members to be more efficiently resolved than individual lawsuits.

| 4.    Why is there a settlement? |
|---|

The Court has not decided in favor of Plaintiffs or Defendant. Instead, both sides agreed to a settlement. Settlements avoid the costs and uncertainty of a trial and related appeals, while providing benefits to the settlement class. The settlement does not mean that any law was broken or that Defendant did anything wrong. The class representatives

**Questions?  Call [NUMBER] toll-free, or visit www.CardConnectSettlement.com**

**3**

and the attorneys for the settlement class support the settlement and think it is best for all members of the settlement class.

# WHO IS PART OF THE SETTLEMENT

| 5.   How do I know if I am part of the settlement? |

The Court decided that you are a member of the class and affected by the settlement if you:

- became a customer by signing an agreement for processing services with Defendant that is governed by Pennsylvania law; and

- paid at least one of the following fees to CardConnect between November 1, 2012 and **[PRELIMINARY APPROVAL DATE]**:  CardPointe Fee; Data Breach Fee; EMV P2PE Fee; Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee.

| 6.   Are there exceptions to being included? |

If you exclude yourself from the settlement, you are no longer part of the settlement class and will no longer be eligible to receive any of the settlement benefits. This process of excluding yourself is also referred to as "opting out" of the settlement.

# THE SETTLEMENT BENEFITS

| 7.   What does the settlement provide? |

Defendant will pay up to $7,650,000 toward cash benefits to class members; the cost of notifying the class and administering the settlement; and, subject to the Court's approval, the fees and expenses of the lawyers who represent the class and incentive awards to the class representatives. The $7.65 million is not part of any fund.

Class Members that currently maintain one or more active payment card processing accounts with or through Defendant as of **[PRELIMINARY APPROVAL DATE]** are considered "current customers." If you are a current customer, you will automatically receive a payment via a check mailed to you.

Class members who are not current customers are considered "former customers." Former customers are eligible for a payment via check but must file a valid and timely claim form to get it.

Defendant will also amend the terms and conditions governing its merchant agreement so that current customers will have a 50-day window after notice of a CardConnect-initiated fee increase or new fee to terminate their accounts without payment of an early termination fee.

| 8.   How much will my cash payment be? |

Two-thirds of the "net settlement proceeds" (i.e., the portion of the $7.65 million settlement amount that remains after payment of notice and administration costs, legal fees and expenses, and incentive awards) will be allocated to former customers and one-third of the net settlement proceeds will be allocated to current customers. Current customers, and former customers who file a valid and timely claim, will receive a cash payment calculated in the same way, with 35% of the net settlement proceeds will be divided equally among all class members, and the remaining 65% of the net settlement proceeds allocated, *pro rata*, based on the total number of calendar months each member was a customer of Defendant during the relevant period. You can find out more detail about the allocation formula by reading the settlement agreement at www.CardConnectSettlement.com.

The actual amount of each class member's payment will not be calculated until the amount of the net settlement

**Questions?  Call [NUMBER] toll-free, or visit www.CardConnectSettlement.com**

proceeds is determined.

## HOW TO GET A PAYMENT

| 9. | How can I get a payment? |
|---|---|

Current customers will automatically receive a payment in the form of a check that will be mailed to their last known address. It is not necessary for current customers to file a claim.

Former customers must complete and submit a simple claim form to qualify for a payment via check. The claim form asks former customers to attest under penalty of perjury that the individual completing the form is an authorized representative of a class member and to provide their merchant name, CardConnect merchant identification number (if available), and current contact information. You can fill out the claim form at www.CardConnectSettlement.com. Alternatively, you can request a claim form be mailed to you by calling the settlement administrator at **[NUMBER]**, and then complete and return it via mail to **[ADDRESS]**. Former customers must submit their claim online through the website, or mail it, postmarked no later than **[CLAIM DEADLINE]**. Late claims will not be accepted.

| 10. | When will I get the settlement benefits for which I am eligible? |
|---|---|

The Court will hold a hearing on **[DATE]**, to decide whether to approve the settlement. If the Court approves the settlement, there may be appeals, which could take more than a year to resolve. Cash payments to class members will be made after the settlement is finally approved and any appeals or other required proceedings have been completed. You may visit www.CardConnectSettlement.com for updates on the progress of the settlement. Please be patient.

| 11. | What am I giving up to get a settlement benefit or remain in the class? |
|---|---|

Unless you exclude yourself from the settlement, you cannot sue Defendant or be part of any other lawsuit against Defendant about the issues this settlement resolves. You will also be bound by all of the Court's decisions and the release contained in the settlement. The specific claims you will be giving up against Defendant is described in Paragraph 10 of the settlement agreement. Read it carefully. The settlement agreement is available at www.CardConnectSettlement.com.

If you have any questions, you can talk to the lawyers representing the class, who are called "class counsel." Their names are listed in Question 15, below. You will not be charged to talk to class counsel. Or, you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

If you want to keep your rights to sue (or continue to sue) Defendant based on the claims this settlement resolves, you must take steps to exclude yourself from the settlement class (*see* Questions 12–14).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 12. | How can I exclude myself from the Settlement? |
|---|---|

To exclude yourself from the Settlement, or "opt out," you must send a letter by U.S. Mail that includes the following:

- The name of this proceeding (*Teh Shou Kao, et al. v. CardConnect Corp.*, Case No. 2:16-cv-5707 (E.D. Pa.));
- Your full name, address, and phone number;
- The words "Request for Exclusion" at the top of the document, or a statement in the body of the letter requesting exclusion from the class; and

**Questions?  Call [NUMBER] toll-free, or visit www.CardConnectSettlement.com**

**5**

- Your signature.

You must mail your letter, postmarked no later than **[OPT OUT DEADLINE]**, to the following address:

Kao v. CardConnect Settlement Administrator<br>
**[ADDRESS]**<br>
**[ADDRESS]**

If you ask to be excluded, you will not get any benefits under this settlement, and you cannot object to the settlement. You will not be legally bound by anything that happens in the lawsuit. You may be able to sue (or continue to sue) Defendant in the future. You cannot both exclude yourself from the settlement and object to the settlement. If you seek to exclude yourself and object, you will be deemed to have excluded yourself.

| 13. | If I don't opt out, can I sue Defendant for the same thing later? |
|---|---|

No. Unless you exclude yourself from the settlement, you give up any right to sue Defendant for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this class to continue your own lawsuit. Remember, the exclusion deadline is **[OPT OUT DEADLINE]**.

| 14. | If I exclude myself, can I get benefits from this settlement? |
|---|---|

No. If you are a current customer and exclude yourself, you will not receive a payment. If you are a former customer and exclude yourself, do not send in a claim form asking for a payment.

# THE LAWYERS AND MERCHANTS REPRESENTING YOU

| 15. | Do I have a lawyer in the case? |
|---|---|

Yes. The Court appointed to represent you and other members of the settlement class the following lawyers: E. Adam Webb and Matthew Klase of Webb, Klase & Lemond, LLC, in Atlanta, Georgia. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 16. | How will the lawyers be paid? |
|---|---|

You will not be asked to pay any of the lawyers' fees or expenses. The lawyers representing the class, who have not yet received any payment for their time or the expenses they have incurred, intend to ask the Court to pay them up to one-third of the settlement amount to compensate them for their time and the financial risk that they took when they agreed to represent the Plaintiffs on a contingent basis and agreed that they would get paid only if the lawsuit obtained a recovery. In addition, the lawyers intend to ask the Court to reimburse them for all of the expenses they have incurred, up to $100,000. The Court will determine the amount the lawyers will receive at the final approval hearing on **[DATE]**. Defendant has agreed not to object to this request provided the Court authorizes fees of no more than one-third of the settlement amount and expenses of no more than $100,000.

| 17. | Will the class representatives get anything? |
|---|---|

The settlement class is represented by the following three merchants who brought the case: TS Kao Inc. d/b/a Lucky 7 Chinese Food, Tech Lounge SP, LLC, and The Law Office of Kevin Adams, PLLC. In addition to the benefits the class representatives will receive as members of the settlement class, class counsel intend to ask the Court to pay incentive awards of up to $15,000 to each of the three merchants to compensate them for the efforts and risk they took on behalf of the class. Defendant has agreed not to oppose the request provided the Court authorizes awards of no more than $15,000 to each of the three merchants. The incentive awards approved by the Court will be paid from the settlement amount. The Court will determine the amount of the incentive awards at the final approval hearing on **[DATE]**.

**Questions?  Call [NUMBER] toll-free, or visit www.CardConnectSettlement.com**

**6**

# OBJECTING TO THE SETTLEMENT

### 18.    How do I tell the Court I don't like the settlement?

If you are a settlement class member, you can object to the settlement if you do not think it is fair, reasonable, or adequate. You can give reasons why you think the Court should not approve it. The Court will consider your views. If you object to the settlement and seek to exclude yourself, you will be deemed to have excluded yourself, and your objection will not be considered.

To object, you must do so in writing and serve the objection on the Court, class counsel, and the lawyers for Defendant at the addresses set forth below. Your objection must include the following:

- The name of this proceeding (*Teh Shou Kao, et al. v. CardConnect Corp.*, Case No. 2:16-cv-5707 (E.D. Pa.));

- Your full name, address, and phone number;

- A written statement of your objections, as well as the specific reason for each objection, and any legal or factual support you wish to bring to the Court's attention;

- Any evidence or other information you wish to introduce in support of your objections;

- A statement of whether you or your counsel intends to appear and argue at the final approval hearing;

- Evidence or other information showing that you are a member of the settlement class;

- Four dates before the final approval hearing when you will be available to be deposed by the lawyers for the parties; and

- All other information specified in the preliminary approval order (available on the settlement website, www.CardConnectSettlement.com).

If you hire a lawyer to represent you in preparing a written objection or appearing at the final approval hearing, your lawyer must provide additional information as specified in the preliminary approval order.

File your objection electronically with the Court or mail the objection to these places, postmarked no later than **[OBJECTION DEADLINE]**:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Kate Barkman<br>Clerk of the Court<br>Eastern District of Pennsylvania<br>601 Market Street<br>Philadelphia, PA 19106 | E. Adam Webb<br>Matthew C. Klase<br>WEBB, KLASE & LEMOND, LLC<br>1900 The Exchange, S.E.<br>Suite 480<br>Atlanta, GA 30339 | Jaime A. Bianchi<br>Sheldon Philp<br>WHITE & CASE LLP<br>200 South Biscayne Boulevard, Suite 4900<br>Miami, FL 33131-2352<br><br>Angelo A. Stio III<br>PEPPER HAMILTON LLP<br>3000 Two Logan Square<br>Eighteenth & Arch Streets<br>Philadelphia, PA 19103-2799 |

### 19.    What is the difference between objecting and excluding/opting out?

Objecting is simply telling the Court that you don't like something about the settlement. You can object to the benefits provided by the settlement or other terms of the settlement only if you stay in the settlement class.

Questions?  Call [NUMBER] toll-free, or visit www.CardConnectSettlement.com

7

Excluding yourself, or "opting out," is telling the Court that you don't want to be included in the settlement. If you exclude yourself, you have no basis to object to the settlement because the settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

**20.   When and where will the Court decide whether to approve the settlement?**

The Court will hold a final approval hearing on **[DATE]** in Courtroom **[#]** before the Honorable Gerald J. Pappert, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, Pennsylvania 19106. This hearing date and time may be moved. Please refer to the settlement website, www.CardConnectSettlement.com, for notice of any changes.

At the final approval hearing, the Court will consider whether the settlement is fair, reasonable, and adequate; how much class counsel will receive for fees and expenses; whether to approve incentive awards to the class representatives; and any other appropriate matters. If there are objections, the Court also will consider them. The Court will listen to people at the hearing who file in advance a timely notice of their intention to appear (*see* Question 18 and preliminary approval order). At or after the final approval hearing, the Court will decide whether to approve the settlement. There is no deadline by which the Court must make its decision.

**21   Do I have to attend the hearing?**

No. Class counsel will answer questions the Court may have. You are welcome, however, to come at your own expense. If you submit a written objection, you do not have to come to court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. If you or your own lawyer want to speak at the hearing, you must file a notice of intention to appear and provide the other information required by the preliminary approval order.

## IF YOU DO NOTHING

**22.   What happens if I do nothing at all?**

If you are a settlement class member and do nothing, you will remain a part of the settlement class and will not be able to sue Defendant about the claims being resolved through the settlement. If you are a current customer, you will automatically receive the cash payment to which you are entitled and be subjected to the prospective relief being provided. If you are a former customer, you will receive no cash payment unless you timely file a claim.

## GETTING MORE INFORMATION

**23.   How do I get more information?**

This notice summarizes the settlement. More details are available in the settlement agreement itself. You can get a copy of the settlement agreement at www.CardConnectSettlement.com or by writing to Kao v. CardConnect Settlement Administrator, **[ADDRESS]**. The status of the settlement will be posted on the settlement website. You may also call the settlement administrator toll free at **[NUMBER]**.

***Please do not contact the Court with questions about the settlement.***

**Questions?  Call [NUMBER] toll-free, or visit www.CardConnectSettlement.com**

8

EXHIBIT F [Final Judgment]

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TEH SHOU KAO and T S KAO, INC., on behalf of themselves and all others similarly situated,** | |
| **Plaintiffs,** | |
| **v.** | |
| **CARDCONNECT CORP.,** | Consolidated Civil Action No. 2:16-cv-5707 |
| **Defendant.** | |
| **TECH LOUNGE SP, LLC and THE LAW OFFICE OF KEVIN ADAMS, PLLC, on behalf of themselves and all others similarly situated,** | HON. GERALD J. PAPPERT |
| **Plaintiffs,** | |
| **v.** | |
| **CARDCONNECT CORP.,** | |
| **Defendant.** | |

### [PROPOSED] FINAL ORDER AND JUDGMENT

This matter is before the Court on the unopposed (1) Motion for Final Approval of Class Settlement and Certification of Settlement Class and (2) Motion for Attorneys' Fees, Expenses, and Incentive Awards filed by Plaintiffs and class counsel.  The Court has reviewed all of the filings and evidence related to the settlement and received testimonial submissions and briefing on the motions.  Having considered the written submissions, and after oral argument at a hearing on _____, 2021, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment be entered as follows:

### JURISDICTION

1.      This Court has jurisdiction over the subject matter and the parties to this action, as well as the members of the settlement class (defined below) for purposes of the settlement.

## BACKGROUND

2.      On November 1, 2016, Plaintiffs T.S. Kao and its owner Teh Shou Kao filed a

class action complaint against CardConnect in this Court under Case No. 2:16-cv-05707 (Dkt. 1),

and filed an amended class action complaint on February 6, 2017 (Dkt. 14).  On September 7,

2017, Plaintiffs Tech Lounge SP, LLC and The Law Office of Kevin Adams, PLLC filed a class

action complaint against CardConnect in this Court under Case No. 2:17-cv-04014 (Dkt. 1).  On

September 26, 2017, the actions were consolidated under Case No. 2:16-cv-05707 (collectively,

the "action").

3.      Plaintiffs allege CardConnect charged them and other CardConnect merchants

unauthorized rates and fees for payment processing services and assert claims for unjust

enrichment, breach of contract, and declaratory relief.

4.      CardConnect disputes Plaintiffs' claims both as to the facts and the law, and has

denied, and continues to deny, any liability to Plaintiffs or any member of the settlement class.

5.       The parties wish to settle and resolve all of Plaintiffs' claims to avoid the

uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of

burdensome and protracted litigation, and to obtain the releases, orders, and judgments

contemplated by the settlement agreement so as to put to rest totally and finally the matters

raised by Plaintiffs.

6.      Plaintiffs' counsel has sought, briefed, and conducted hearings in support of

Plaintiffs' claims against CardConnect; conducted extensive written and oral discovery; retained

and consulted with a damages expert; conducted numerous investigations and engaged in

extensive negotiations with CardConnect; and, considering the benefits of the settlement and the

risks of litigation, has concluded that it is in the best interest of Plaintiffs and the settlement class

(as defined below) to enter into this settlement agreement.  Plaintiffs and their counsel agree that this agreement is fair, reasonable, and adequate with respect to the interests of Plaintiffs and the settlement class and should be approved by the Court pursuant to Federal Rule of Civil Procedure 23(e).

7.      The parties have agreed to settle and resolve completely and finally all of their outstanding differences, disputes, and claims, whether asserted or unasserted, known or unknown, which were or could have been asserted by Plaintiffs and the settlement class in the action, as well as all other claims and causes of action.

8.      On _____, 2020, Plaintiffs filed an unopposed motion for preliminary approval of class settlement attaching (among other documents) the parties' settlement agreement.

9.      On _____, 2020, the Court entered an Order ("Preliminary Approval Order") that preliminarily approved the settlement agreement, preliminarily certified the settlement class for settlement purposes only, directed notice of the proposed settlement to the settlement class, and established a hearing date to consider the final approval of the settlement for the class.

## <u>CLASS NOTICE</u>

10.     The Preliminary Approval Order approved the notice plan set forth in the settlement agreement which, among other things, required Defendant to provide notice of the proposed settlement to current customer class members via a summary statement message or a "notice insert" in their monthly statement, and required the settlement administrator (KCC Class Action Services LLC) to provide notice to former customer class members via postcard notice and establish a settlement website where additional information could be obtained.

11.     The Court approved the form and substance of these notices in its Preliminary Approval Order.

12.     Pursuant to the declarations of the settlement administrator, the Court finds that class members have been timely notified of the settlement pursuant to the plan approved by the Court, with ___% of these notices being successfully delivered.  The Court further finds the notice program constituted the best practicable notice to the settlement class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. Proc. 23(e)(1) and 28 U.S.C. § 1715.  Accordingly, the Court has jurisdiction over all class members for purposes of the settlement.

## APPROVAL OF SETTLEMENT

13.     The settlement provides that CardConnect will pay up to $7.65 million in benefits to certain current and former CardConnect customers that paid at least one subject fee from November 1, 2012 through **[PRELIMINARY APPROVAL DATE]**.  All class members are eligible to receive a cash payment.  Current customer class members will automatically receive their payments, while former customer class members will receive a payment if they file a simple claim form.

14.     The amount of the cash payments is calculated pursuant to the allocation formula set forth in the settlement agreement.

15.     The settlement also requires CardConnect to amend its membership agreements for at least three years to provide current customers with more opportunity to terminate their accounts without paying an early termination fee in the event of future CardConnect-initiated fee increases.

4

16.     The Court has reviewed the terms of the settlement agreement and any objections and comments thereto and, after consideration of the criteria set forth in Fed. R. Civ. P. 23(e)(2) as well as applicable Third Circuit law, finds that the settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the settlement class. Accordingly, the settlement agreement is approved.  In evaluating the proposed settlement, the Court considered a variety of factors and makes the following findings:

- The appointed class representatives have provided outstanding representation of the settlement class, and treatment of this action as a class action for settlement purposes, with the settlement class as defined below, is appropriate, proper and satisfies the criteria set forth in Federal Rule of Civil Procedure 23(e);

- More than adequate discovery has been conducted in this case for the purpose of determining the reasonableness of the settlement;

- The terms of the settlement provide substantial and direct benefits to the settlement class;

- The appointed class counsel, E. Adam Webb and Matthew C. Klase of Webb, Klase & Lemond, LLC, have provided excellent representation of the settlement class, are experienced practitioners with significant experience in class action litigation, and have recommended approval of the settlement agreement;

- The future expense and likely duration of the litigation, its uncertainty of outcome, and the range of recovery if the litigation were to proceed supports approval of the class settlement;

- Nothing indicates an absence of good faith or independence between Plaintiffs and Defendant regarding the settlement agreement and indeed the settlement was reached without collusion or fraud; and

- The settlement treats class members equitably relative to each other.

## CERTIFICATION OF SETTLEMENT CLASS

17.      The Court hereby certifies, for settlement purposes only, the following settlement class:

> All CardConnect Merchants that paid at least one of the Subject Fees from November 1, 2012 through the date of Preliminary Approval.[1]

18.      Excluded from the settlement class are: (i) those customers that have timely opted out of this Agreement (*see* Exhibit A hereto); (ii) CardConnect officers, directors, or employees, any entity in which CardConnect has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of CardConnect; (iii) class counsel and class counsel's employees; and (iv) the Court and any employees of the Court, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

19.      The Court specifically determines that, for settlement purposes only, the settlement class meets all the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of

---

[1] "CardConnect Merchant" means any merchant that became a customer by signing an agreement for processing services with Defendant that is governed by Pennsylvania law. "Subject Fees" means the following fees:  CardPointe Fee; Data Breach Fee; EMV P2PE Fee; Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee.

absent class members; that the class representatives and class counsel have and will fairly and adequately protect the interests of the class; that common issues predominate over any individual issues; and that a class action is a superior means of adjudicating the controversy.

20.     Plaintiffs T.S. Kao, Inc., Tech Lounge SP, LLC, and The Law Office of Kevin Adams, PLLC have adequately represented the settlement class and are appointed as settlement class representatives.

21.     Matthew C. Klase and E. Adam Webb of Webb, Klase & Lemond, LLC have adequately represented the settlement class and are appointed as class counsel.

## DISCLAIMER OF ADMISSIONS

22.     The provisions of this Final Judgment are entered as a result of the agreement and stipulation of the parties.  The parties' stipulation and this Final Judgment are not intended to be, and shall not be construed as, an admission or finding, express or implied, of any fault, liability, or wrongdoing by Defendant.

## APPLICABILITY

23.     This order is the Final Judgment as defined in the settlement agreement.

24.     The provisions of this Final Judgment are applicable to and binding upon Defendant, Plaintiffs, and all members of the settlement class (including their current or former agents, employees, predecessors, successors, heirs, and assigns), and dismiss in their entirety and with prejudice the claims of all members of the settlement class against Defendant, as more fully set out in section 10 of the settlement agreement, without costs to any party against any other party except as otherwise provided herein.

25.     This Final Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation, arbitration, or other

proceeding, brought individually or in the name of, and/or otherwise on behalf of the Releasing Parties against the Released Parties arising from the Released Claims.  The terms capitalized in this and subsequent paragraphs have the same meaning ascribed to them in section 10 of the settlement agreement.

26.     The Releasing Parties are deemed to have conclusively settled and released all claims against the Released Parties for any Released Claims.

27.     The Releasing Parties are deemed to have covenanted not to sue, institute, or instigate any legal, equitable, or administrative proceedings against the Released Parties for any Released Claims.

28.     Each member of the settlement class is barred and permanently enjoined from prosecuting any action or proceeding in state or federal court, arbitration, or before any administrative body against the Released Parties with respect to any Released Claims.

### ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARDS

29.     <u>Attorneys' Fees</u>:  The Court hereby grants to class counsel a fee in the amount of $2,550,000, which the Court finds to be fully supported by the facts, record, and applicable law.

30.     The Court finds that the parties' agreement with regard to the payment of fees was not negotiated while they were negotiating the other terms of the settlement agreement and that the agreement was not the product of collusion or fraud.  In fact, the amount of attorneys' fees to be paid was negotiated only after the other terms of the settlement had been agreed upon.  The agreed-upon fee is warranted as it is reasonable under the applicable facts and law.

31.     The requested fee is justified under both the percentage of recovery and lodestar calculation methods adopted by the Third Circuit.  *Wood v. Amerihealth Caritas Servs., LLC*, 2020 WL 1694549, *9 (E.D. Pa. Apr. 7, 2020) (Pappert, J.).  For example, the fee represents

one-third of the $7.65 million settlement amount, which the Court finds to be reasonable and consistent with awards in similar cases in this Circuit. *E.g.*, *id.* (awarding one-third and collecting cases awarding at or near one-third); *Stevens v. SEI Investments Co.*, 2020 WL 996418, *12 (E.D. Pa. Feb. 28, 2020) (noting courts often award one-third of settlement amount); *In re Corel Corp. Inc. Sec. Litig.*, 293 F. Supp. 2d 484, 497-98 (E.D. Pa. 2003) (awarding counsel one-third of $7 million settlement that had been zealously litigated for over three years); *In re Gen. Instrument Sec. Litig.*, 209 F. Supp. 2d 423, 434 (E.D. Pa. 2001) (approving attorneys' fees amounting to 33% of $48 million settlement).

32.     Additionally, the amount is also supported by the lodestar method. The lawyers for the class have invested more than ___ hours in this litigation and estimate that they will spend an additional ___ hours on this matter before the settlement is fully consummated. The value of this time exceeds $_____ based upon the lawyers' hourly rates, which the Court finds to be reasonable and within the range charged by lawyers of similar experience in complex cases of this nature. *E.g.*, *In re Viropharma Inc., Sec. Litig.*, 2016 WL 312108, *18 (E.D. Pa. Jan. 25, 2016) ("The hourly billing rates of all of Plaintiff's Counsel range from $610 to $925 for partners, $475 to $750 for of counsels, and $350 to $700 for other attorneys"). The requested fee represents a modest multiplier of ___, which the Court finds to be well within the range approved by courts in this Circuit for contingency fee litigation. *E.g.*, *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 282, 316 (3d Cir. 1998) (noting multipliers "ranging from one to four are frequently awarded"); *In re Rite Aid Corp. Sec. Litig.*, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003) (fee award amounting to 4.07 multiplier approved); *Arrington v. Optimum Healthcare IT, LLC*, 2018 WL 5631625, *10 (E.D. Pa. Oct. 31, 2018) (approving fees with a lodestar multiplier of 5.3).

33.     In approving the requested fee, the Court has carefully considered the size of the settlement amount and importance of the practice change to current customer class members; the total number of class members who will benefit; that the settlement resulted strictly from the efforts of class counsel with no assistance from other groups (such as government agencies); any objections that have been made; the proven skill and efficiency of the attorneys involved; the complexity of this litigation and that it required substantial investigation and motion practice from class counsel to position the case for settlement; the high risk of nonpayment; the significant amount of time devoted by counsel; the awards in similar cases; the economics involved in prosecuting class actions; and the other relevant circumstances.  The record shows that these factors support the requested fee.

34.     Expenses.  The Court hereby grants to class counsel the requested expense reimbursement of $100,000, which is less than the $_____ in expenses they have incurred during the prosecution of this case.  This expense award is fully supported by the settlement, the facts, the record, and the applicable law.  *E.g.*, *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 391-92 (1970).

35.     Incentive Awards.  The settlement provides that each of the class representatives is to receive $15,000 for their service on behalf of the class.  *Alvarez v. BI Inc.,* 2020 WL 1694294, *7 (E.D. Pa. Apr. 6, 2020) (finding $15,000 incentive awards "in line with what the courts in this Circuit have approved" in other class actions and collecting cases).  The Court finds that payment of these incentive awards is warranted and approved in this case in light of the class representatives' substantial work on behalf of the class and the risks they took in bringing these actions.

36.     The awarded fees and expenses shall be paid to class counsel and the incentive awards shall be paid to the class representatives in accordance with the terms of the settlement agreement.

## **RETENTION OF JURISDICTION**

37.     Jurisdiction is retained by this Court only for the purpose of enabling any party to this Final Judgment to apply to the Court at any time for such further orders and directions as may be necessary and appropriate for the carrying out of this Final Judgment.   In all other respects, this case is dismissed with prejudice.

38.     The Clerk of the Court is ordered to enter this Final Judgment forthwith.

SO   ORDERED,   in   chambers   in   Philadelphia,   Pennsylvania   this   ____   day   of _____, 2021.


_____
GERALD J. PAPPERT, J.
U.S. DISTRICT COURT JUDGE