UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TEH SHOU KAO and T S KAO, INC.**, on behalf of themselves and all others similarly situated, <br><br>       Plaintiffs,<br><br>  v.<br><br>**CARDCONNECT CORP.**,<br><br>       Defendant.<br><br>**TECH LOUNGE SP, LLC and THE LAW OFFICE OF KEVIN ADAMS, PLLC**, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>**CARDCONNECT CORP.**,<br><br>       Defendant. | Consolidated Civil Action No. 2:16-cv-5707<br><br>HON. GERALD J. PAPPERT |

## <u>ORDER GRANTING PRELIMINARY APPROVAL AND DIRECTING NOTICE</u>

Plaintiffs and Defendant CardConnect Corp. have agreed to a settlement of these actions, the terms and conditions of which are set forth in an executed Class Action Settlement Agreement and Release. Under the settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiffs and the proposed settlement class would fully, finally, and forever resolve, discharge, and release their claims in exchange for Defendant's payment of up to $7.65 million, inclusive of the costs of notice and settlement administration, legal fees and costs of class counsel, and incentive awards to Plaintiffs. In addition, Defendant is required to amend its practices for at least three years to provide additional time to settlement class members that remain customers to terminate their accounts without penalty in the event of future CardConnect-initiated fee increases.

The proposed settlement has been filed with the Court, and Plaintiffs and class counsel filed an Unopposed Motion for Preliminary Approval of Class Settlement (the "motion"). Upon considering the motion and exhibits thereto, the proposed settlement, the record in these proceedings, the representations and recommendations of class counsel, and the requirements of law, the Court has determined the proposed settlement appears to be fair, adequate, and reasonable and satisfies the criteria for preliminary approval and the notice plan should be approved and notice directed to the settlement class. Accordingly, good cause appearing in the record, **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

I.      **BACKGROUND**

1. Plaintiffs allege CardConnect charged them and other CardConnect merchants certain rates and fees for payment-processing services that were excessive.

2. CardConnect has denied Plaintiffs' allegations regarding liability, has denied Plaintiffs' and the Class's entitlement to damages or any other relief, and has asserted numerous defenses.

3. The settlement proposed here was reached after engaging in extensive arm's-length negotiations before mediator Rodney Max. Further, the settlement was reached only after counsel litigated numerous substantive and procedural matters for more than three years by: (a) conducting extensive written and oral discovery; (b) briefing and conducting numerous hearings regarding Plaintiffs' claims against CardConnect; and (c) retaining and consulting with damages experts, which informed the parties' settlement.

4. The mediation sessions included presentations by the parties highlighting the strengths and weaknesses of their respective positions, including on class certification and the merits.

## II.     **FINDINGS WITH RESPECT TO PRELIMINARY CERTIFICATION OF A SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF THE PROPOSED CLASS ACTION SETTLEMENT**

5. This Court has jurisdiction over this case and each of the settlement class members for all matters relating to these actions and the settlement, including without limitation, all matters relating to the administration, interpretation, effectuation and/or enforcement of the settlement and this order.

6. The Third Circuit has approved class certification for settlement purposes where the proposed class satisfies the four requirements of Federal Rule of Civil Procedure 23(a) and one of the elements of Federal Rule of Civil Procedure 23(b). *See Sullivan v. DB Invs., Inc.*, 667 F.3d 276, 296 (3d Cir. 2011).

7. Rule 23(a) contains four threshold requirements—numerosity, commonality, typicality, and adequacy. *Wal-Mart, Inc. v. Dukes*, 131 S. Ct. 2541, 2548 (2011); *Sullivan*, 667 F.3d at 296; Fed. R. Civ. P. 23.

8. Rule 23(b)(3) requires (1) that common questions of law or fact predominate over individual questions; and (2) that a class action is superior to other available methods of adjudication.  *Id.*  When taking a proposed settlement into consideration for purposes of determining class certification, individual issues which may normally be present in litigation become irrelevant, allowing the common issues to predominate. *Sullivan,* 667 F.3d at 304, n.29. Likewise, a court need not consider whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial. *Id.* at 322 n. 56; *see also In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.*, 333 F.R.D. 364, 374 (E.D. Pa. 2019) (noting "the existence of a settlement means that certain Rule 23 considerations are not applicable . . . . For example, because a settlement obviates the need for trial, concerns regarding the manageability of a Rule 23(b)(3) class disappear") (citations omitted).

9. In determining whether the requirements of Rule 23 have been met, the Court confines its inquiry to those aspects of the merits relevant to making the certification decision on an informed basis. *Sullivan*, 667 F.3d at 305.

10. The Court preliminarily finds, for settlement purposes only, that the actions satisfy the applicable prerequisites for class treatment under Rule 23, namely:

   a. The settlement class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the settlement class;

   c. The claims of the class representatives are typical of the settlement class;

   d. The class representatives will fairly and adequately protect the interests of the settlement class and have retained class counsel experienced in class action litigation who have and will continue to adequately represent the settlement class;

   e. The questions of fact or law common to the members of the settlement class predominate over the questions affecting only individual members; and

   f. class treatment of the Plaintiffs' claims is superior to other available methods for the fair and efficient adjudication of the controversy.

11. Accordingly, for the foregoing reasons, the Court preliminary certifies the following settlement class under Federal Rule of Civil Procedure 23, for purposes of the settlement only:

> All CardConnect Merchants that paid at least one of the Subject Fees from November 1, 2012 through the date of this order.[1]

---

[1] "CardConnect Merchant" means any merchant that became a customer by signing an agreement for processing services with Defendant that is governed by Pennsylvania law. "Subject Fees" means the following fees: CardPointe Fee; Data Breach Fee; EMV P2PE Fee;

Excluded from the settlement class are: (i) those customers that opt out of this agreement; (ii) CardConnect officers, directors, or employees, any entity in which CardConnect has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of CardConnect; (iii) class counsel and class counsel's employees; and (iv) the Court and any employees of the Court, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate families and judicial staffs.

12. Plaintiffs T.S. Kao, Inc., Tech Lounge SP, LLC, and The Law Office of Kevin Adams, PLLC are preliminarily appointed as class representatives for the settlement class.

13. The following counsel are preliminarily appointed as class counsel under Federal Rule of Civil Procedure 23(g):

> E. Adam Webb
> Matthew C. Klase
> Webb, Klase & Lemond, LLC
> 1900 The Exchange, S.E., Suite 480
> Atlanta, Georgia 30339

The Court finds that these lawyers are experienced and will adequately protect the interests of the settlement class.

14. The purpose of preliminary approval of a class settlement is to obtain authority for notifying the class of the terms of the settlement and to set the stage for the final approval of the settlement. *See* Fed. R. Civ. P. 23(e)(1). If a settlement falls within the range of possible approval, notice should be given to class members to allow them the opportunity to review and comment on the proposed settlement. *Glaberson v. Comcast Corp.*, No. 03-6604, 2014 U.S.

---

Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee.

Dist. LEXIS 172040, at *14 (E.D. Pa. Dec. 12, 2014).

15. In evaluating a settlement for preliminary approval, the Court considers whether: (1) the settlement negotiations occurred at arm's length, (2) there was sufficient discovery, and (3) the proponents of the settlement are experienced in similar litigation. *Gates v. Rohm & Haas Co.*, 248 F.R.D. 434, 439 (E.D. Pa. 2008); *Curiale v. Lenox Grp., Inc.*, No. 07-1432, 2008 U.S. Dist. LEXIS 92851, at *26 (E.D. Pa. Nov. 14, 2008).

16. Here, the proposed settlement was reached only after extensive arms-length negotiations guided by an independent and experienced mediator. Further, this consolidated action has been pending for over three years, and the parties have engaged in sufficient discovery to support this settlement. In addition to discovery regarding the fees charged by CardConnect, class counsel engaged in extensive investigation of merchant applications and fee schedules, fee disclosures and notices, processing platforms and databases, and other matters relevant to Plaintiffs' claims during the mediation and settlement process, which gave "[c]lass counsel . . . a strong grasp of the legal hurdles that [p]laintiffs would face in order to succeed on their claims," *In re Comcast Corp.*, 333 F.R.D. at 382, and informed them of the substantial risks of continued litigation. Finally, class counsel, who are experienced in the prosecution, evaluation and settlement of class action litigation, strongly recommend the proposed settlement. *See, e.g., Lake v. First Nationwide Bank*, 156 F.R.D. 615, 628 (E.D. Pa. 1994) (noting courts have repeatedly and explicitly deferred to the recommendations of experienced counsel who have negotiated the settlement at arms-length and in good faith); *Hanrahan v. Britt*, 174 F.R.D. 356, 366 (E.D. Pa. 1997) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery") (citation, internal quotation omitted).

17. Accordingly, the Court finds that the proposed Settlement was arrived at by arm's-length negotiations by highly experienced counsel after over three years of litigation and investigation, falls within the range of possible approvable settlements, and is hereby preliminarily approved, subject to further consideration at the final approval hearing provided for below.

### III. FINDINGS WITH RESPECT TO THE FORM AND MANNER OF NOTICE, THE SETTLEMENT SCHEDULE, AND FINAL APPROVAL HEARING

#### A. Notice of the Settlement

18. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, CardConnect shall promptly provide written notice of the proposed class settlement to the appropriate authorities.

19. The Court approves the form and substance of the proposed notice of class action settlement, attached to the settlement agreement as Exhibits C-E.  Non-material modifications to the exhibits may be made without further order of the Court.  The proposed form and methods—individual notice and notice via the settlement website, www.CardConnectSettlement.com—for notifying the settlement class members of the settlement and its terms and conditions meet the requirements of Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  *See In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 174 (E.D. Pa. 2000) ("[T]o satisfy due process, notice to class members must be reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections") (citations, internal quotations omitted).  The Court also finds that the proposed notice is clearly designed to advise the settlement class members of their rights.  *See Mehling v.*

*New York Life Ins. Co.*, 246 F.R.D. 467, 477 (E.D. Pa. 2007) (approving proposed notice for settlement class when notice "adequately informs potential class members in clear, understandable language").

20. Within 10 days of this Order, CardConnect shall provide to the settlement administrator the current or last known mail and email addresses of all settlement class members, delineating those which are current customers and those which are former customers. The settlement administrator shall compile the settlement class list from the information provided by CardConnect.

21. CardConnect and the settlement administrator shall cause the settlement notices, in substantially the forms attached to the settlement agreement as Exhibits C-E, to be:

    (i). disseminated within 90 days following the entry of this order via inclusion with the monthly statements of current customers and via U.S. mail to former customers; and

    (ii). posted on the settlement website www.CardConnectSettlement.com within 90 days following the entry of this Order.

### B. Settlement Administration

22. The Court hereby appoints KCC Class Action Services LLC as settlement administrator to assist in disseminating the notice to the class and administering the settlement. All expenses incurred by the settlement administrator and outside experts performing services relating to the administration of the settlement must be reasonable and shall be paid out of the $7.65 million settlement proceeds, as described in the settlement agreement.

23. The settlement administrator must establish a post office box where class members can send requests for exclusion or other correspondence relating to the notice.

### C. Attorneys' Fees and Costs Award; Class Representatives' Incentive Awards

24. All briefs and materials in support of the final approval of the settlement and class counsel's application for an award of attorney fees and costs and incentive awards to the class representatives for their efforts on behalf of the class and the entry of final judgment proposed by the parties to the settlement agreement, shall be filed with the Court no later than 135 days from the entry of this order.

### D. Exclusions from the Settlement Class

25. Any settlement class member that wishes to be excluded from the settlement class must mail a written request for exclusion ("opt-out request") to the settlement administrator and to class counsel, with a postmark date no later than 150 days after entry of this order ("opt-out deadline"). The written notification must identify the settlement class member and this action; state that the settlement class member has chosen to opt-out or exclude itself from the settlement class; and contain the full name, address, position, telephone number and signature of the individual who is acting on behalf of the settlement class member.

26. No later than 21 days after the opt-out deadline, the settlement administrator shall provide the parties with a final list of all potential class members that have timely and validly excluded themselves from the settlement class. Class counsel shall report to the Court on the number of potential class members who have excluded themselves before the final approval hearing.

27. Any settlement class member that does not timely and validly exclude itself from the settlement class shall be bound by the terms of the settlement. If a final judgment is entered, any settlement class member that has not submitted a timely, valid written notice of exclusion from the settlement class shall be bound by all subsequent proceedings, orders, and judgments in

these actions, including but not limited to the release set forth in the settlement and final judgment.

28. Any settlement class member that submits a valid and timely notice of exclusion shall not be entitled to receive any benefits of the settlement.

### E. Objections to the Settlement

29. A settlement class member that complies with requirements of this order may object to the settlement, class counsel's request for fees and costs, or the request for incentive awards to the class representatives.

30. In order to be considered by the Court, any objection to the settlement agreement must (a) be electronically filed with the Court or (b) be sent via first class mail, postage prepaid, to the Clerk of Court, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 5614, Philadelphia, PA 19106-1745, with copies to the following counsel:

> *On behalf of Plaintiffs and the Class*:
>
> Matthew C. Klase, Esq.
> E. Adam Webb, Esq.
> Webb, Klase & Lemond, LLC
> 1900 The Exchange, S.E., Suite 480
> Atlanta, Georgia 30339
>
> *On behalf of CardConnect*:
>
> Jaime A. Bianchi, Esq.
> Sheldon Philp, Esq.
> White & Case LLP
> 200 South Biscayne Blvd, Suite 4900
> Miami, Florida 33131
>
> Angelo A. Stio III
> Pepper Hamilton LLP
> 3000 Two Logan Square
> Eighteenth & Arch Streets
> Philadelphia, PA 19103-2799

31. For the objection to be considered by the Court, the objection must be filed or postmarked no later than 150 days after entry of this order, and must:

   (i) contain the title of the Action: *Teh Shou Kao, et al. v CardConnect Corp.*, Case No. 2:16-cv-05707 (E.D. Pa.);

   (ii) contain the name of the objector and the full name, address, email address, and telephone number of the person acting on its behalf;

   (iii) explain the basis upon which the objector claims to be a settlement class member;

   (iv) state whether the objection applies only to the objector, to a specific subset of the settlement class, or to the entire settlement class, and also state with specificity all reasons for the objection;

   (v) be accompanied by all evidence, briefs, motions, or other materials the objector intends to offer in support of the objection;

   (vi) be signed by the objector (an attorney's signature is not sufficient);

   (vii) state the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

   (viii) state the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement or fee application;

(ix) state the number of times the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the counsel or the firm has made such objection, and a copy of any orders related to or ruling upon counsel's or the firm's prior such objections that were issued by the trial and appellate courts in each listed case;

(x) identify any and all agreements that relate to the objection or the process of objecting – whether written or oral – between objector or objector's counsel and any other person or entity;

(xi) state the identity of all counsel representing the objector who will appear at the final approval hearing; a list of all persons who will be called to testify at the final approval hearing in support of the objection; a statement confirming whether the objector intends to personally appear and/or testify at the final approval hearing; at least four dates that the objector will be available to be deposed before the final approval hearing by class counsel and the location where the objector will be available; and

(xii) if the objector is represented by an attorney who intends to seek fees and expenses from anyone other than the objectors he or she represents, the objection should also include (a) a description of the attorney's legal background and prior experience in connection with class action litigation; (b) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (c) a

statement regarding whether the fees being sought are calculated on the basis of a lodestar, contingency, or other method; (d) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (e) the attorney's hourly rate.

32. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed settlement. Any settlement class member that fails to comply with the provisions in this order shall be deemed to have waived and forfeited any and all rights it may have to object (by appeal, collateral attack or otherwise), will not be heard at the final approval hearing, and shall be bound by all subsequent proceedings, orders, and judgments in these actions, including but not limited to the release set forth in the settlement agreement and final judgment.

33. All responses to objections must be filed with the Court no fewer than 10 days before the final approval hearing.

### F. **Final Approval Hearing**

34. A final approval hearing shall be held on _____, 2021, at ___:___ __.m (Eastern time), in courtroom _____, at the United States District Court for the Eastern District of Pennsylvania. At the final approval hearing, the Court will consider, among other things: (a) the fairness, reasonableness, and adequacy of the settlement and whether it should be finally approved; (b) whether the Court should approve an award of class counsel's fees and the reimbursement of costs to counsel for the class, and in what amounts; (c) whether payments should be made to the class representatives for their efforts on behalf of the class, and in what amounts; and (d) whether entry of a final judgment terminating this litigation should be entered.

### G. Submission of Claim Forms by Former Class Members

35. All former customers seeking to receive a settlement payment must submit to the settlement administrator a completed claim form (Exhibit A to the settlement), which must be received by the settlement administrator and/or postmarked no later than 210 days from the date of this order. Submission of a claim form shall be the only valid method for former customers to make a claim to share in the settlement, and all former customers must comply with the instructions accompanying the claim form. If final judgment is entered, former customers who fail to submit a timely, valid claim form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the settlement agreement, including the release included in that agreement, and the final judgment.

### H. Termination of the Settlement

36. In the event that the settlement does not become final, then litigation of this case will resume in a reasonable manner to be approved by the Court upon joint application by the parties hereto.

37. In the event the settlement agreement and the settlement are terminated in accordance with the applicable provisions of the settlement agreement, the settlement agreement, the settlement, and all related proceedings shall, except as expressly provided to the contrary in the settlement agreement, become null and void, shall have no further force and effect, and Plaintiffs shall retain full rights to assert any and all causes of action against CardConnect, and CardConnect shall retain any and all defenses and counterclaims hereto. The action shall hereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the settlement agreement and shall proceed as if the settlement agreement and all other related orders and papers had not been executed.

38. Nothing in this order, the settlement agreement, any other settlement-related document, anything contained herein or therein or contemplated hereby or thereby, or any proceedings undertaken in accordance with the terms set forth in the settlement agreement or herein or in any other settlement-related document, shall constitute, be construed as, or be deemed evidence of or an admission or concession by CardConnect as to the validity of any claim that has been or could have been asserted against CardConnect or as to any liability by CardConnect as to any matter set forth in this order.

### I.   Stay of Proceedings

39. All proceedings in this action are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters final judgment and dismisses this action with prejudice.

### J.   Continuance of Final Approval Hearing

40. The Court reserves the right to adjourn or continue the final approval hearing and related deadlines without further written notice to the settlement class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the settlement website maintained by the settlement administrator.

### K.   Summary of Deadlines

41. The settlement agreement, as preliminarily approved in this Order, shall be administered according to its terms pending the final approval hearing. Deadlines arising under the settlement agreement and this order include but are not limited to the following:

Notice Deadline:  90 days from this order

Filing Motion for Final Approval:  135 days from this order

Filing Motion for Attorneys' Fees, Expenses, and Incentive Awards:  135 days from this order

<u>Opt Out Deadline</u>:  150 days from this order

<u>Objection Deadline</u>:  150 days from this order

<u>Claim Form Deadline</u>:  210 days from this order

Dated: _____, 2020                    BY THE COURT:


                                                                          _____
                                                                          GERALD J. PAPPERT, J.