UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TEH SHOU KAO and T S KAO, INC., on behalf of themselves and all others similarly situated, *Plaintiffs,* <br><br> v. <br><br> CARDCONNECT CORP., *Defendant.* <br> ———————————————— <br> TECH LOUNGE SP, LLC and THE LAW OFFICE OF KEVIN ADAMS, PLLC, on behalf of themselves and all others similarly situated, *Plaintiffs,* <br><br> v. <br><br> CARDCONNECT CORP., *Defendant.* | CONSOLIDATED CIVIL ACTION. NO. 16-cv-5707 |

## ORDER

This matter is before the Court on Plaintiffs' unopposed (1) Motion for Final

Approval of Class Settlement and Certification of Settlement Class (ECF 116) and

(2) Motion for Attorneys' Fees, Expenses, and Incentive Awards (ECF No. 117).  The

Court has reviewed all the filings and evidence related to the settlement (ECF 112-2)

and received testimonial submissions and briefing on the motions.  Having considered

the written submissions, including a supplemental memorandum in support of the

pending motions (ECF 123), after a hearing on January 27, 2021 (ECF 120), and

consistent with the accompanying memorandum of law, it is **ORDERED** that judgment

be entered as follows:

      1.     This Court has jurisdiction over the subject matter and the parties to this

action, as well as the settlement class members (defined below) for purposes of the settlement.

2.      On November 1, 2016, Plaintiffs T.S. Kao and its owner Teh Shou Kao filed a class action complaint against CardConnect in this Court under Case No. 16-05707 (ECF 1) and filed an amended class action complaint on February 6, 2017.  (ECF 14.)  On September 7, 2017, Plaintiffs Tech Lounge SP, LLC and The Law Office of Kevin Adams, PLLC filed a class action complaint against CardConnect in this Court under Case No. 17- 04014.  (ECF 1.)  On September 26, 2017, the actions were consolidated under Case No. 16-05707 (collectively, the "action").

3.      Plaintiffs allege CardConnect charged them and other CardConnect merchants unauthorized rates and fees for payment processing services and assert claims for unjust enrichment, breach of contract, and declaratory relief.

4.      CardConnect disputes Plaintiffs' claims both as to the facts and the law, and has denied, and continues to deny, any liability to Plaintiffs or any settlement class member.

5.       The parties wish to settle and resolve all of Plaintiffs' claims to avoid the uncertainties and risks of trial, to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgments contemplated by the settlement agreement so as to put to rest totally and finally the matters raised by Plaintiffs.

6.      Plaintiffs' counsel has sought, briefed, and conducted hearings in support of Plaintiffs' claims against CardConnect; conducted extensive written and oral discovery; retained and consulted with a damages expert; conducted numerous

investigations and engaged in extensive negotiations with CardConnect; and,

considering the benefits of the settlement and the risks of litigation, has concluded that

it is in the best interest of Plaintiffs and the settlement class (as defined below) to enter

into this settlement agreement.  Plaintiffs and their counsel agree that this agreement

is fair, reasonable, and adequate with respect to the interests of Plaintiffs and the

settlement class and should be approved by the Court pursuant to Federal Rule of Civil

Procedure 23(e).

7.      The parties have agreed to settle and resolve completely and finally all of

their outstanding differences, disputes, and claims, whether asserted or unasserted,

known or unknown, which were or could have been asserted by Plaintiffs and the

settlement class in the action, as well as all other claims and causes of action.

8.      On June 19, 2020, Plaintiffs filed an unopposed preliminary approval

motion attaching (among other documents) the parties' settlement agreement.  (ECF

112.)

9.      On July 7, 2020, the Court entered an Order ("Preliminary Approval

Order") that preliminarily approved the settlement agreement, preliminarily certified

the settlement class for settlement purposes only, directed notice of the proposed

settlement to the settlement class, and established a January 13, 2021 hearing date, to

consider final approval of the settlement.  (ECF 113.)

10.      On October 1, 2020, the Court entered an Order amending the notice plan

for current customer settlement class members at the parties' request ("Amendment

Order").  (ECF 115.)

11.      On December 16, 2020, the Court informed the parties the final hearing

would take place by telephone due to restrictions on in-person proceedings resulting

from the COVID-19 pandemic and rescheduled the final hearing date to January 27,

2021.  (ECF 118.)  The settlement class was notified of the new final hearing date and

the dial-in information for the hearing via the settlement website.

12.     The Preliminary Approval Order and the Amendment Order approved the

notice plan set forth in the settlement agreement which, among other things, required

Defendant to provide notice of the proposed settlement to current customer class

members via email, and required the settlement administrator (KCC Class Action

Services LLC) to provide notice to former customer class members via postcard notice

and establish a settlement website where additional information could be obtained.

13.     The Court approved the form and substance of these notices in its

Preliminary Approval Order and the Amendment Order.

14.     After considering the settlement administrator's declarations, the Court

finds that settlement class members have been timely notified of the settlement

pursuant to the plan approved by the Court, with more than 97% of these individual

notices being successfully delivered.  The Court further finds the notice program

constituted the best practicable notice to the settlement class under the circumstances

and fully satisfies the requirements of due process, including Fed. R. Civ. Proc. 23(e)(1)

and 28 U.S.C. § 1715.  Accordingly, the Court has jurisdiction over all settlement class

members for settlement purposes.

15.     The settlement provides that CardConnect will pay up to $7.65 million in

benefits to certain current and former CardConnect customers that paid at least one

subject fee from November 1, 2012 through July 7, 2020.  All settlement class members

are eligible to receive a cash payment.  Current customer class members will automatically receive their payments, while former customer class members will receive a payment if they filed a simple claim form by February 19, 2021.

16.     The amount of the cash payments is calculated pursuant to the allocation formula set forth in the settlement agreement.

17.     The settlement also requires CardConnect to amend its membership agreements for at least three years to provide current customers with more opportunity to terminate their accounts without paying an early termination fee in the event of future CardConnect-initiated fee increases.

18.     The Court certifies, for settlement purposes only, the following settlement class:

> All CardConnect Merchants that paid at least one of the Subject Fees from November 1, 2012 through the date of Preliminary Approval.[1]

19.     Excluded from the settlement class are: (i) any customers that timely opted out of this Agreement (of which there were none); (ii) CardConnect officers, directors, or employees, any entity in which CardConnect has a controlling interest, and the affiliates, legal representatives, attorneys, heirs, or assigns of CardConnect; (iii) class counsel and class counsel's employees; and (iv) the Court and any employees of the Court, as well as any federal, state, or local governmental agency, and any judge, justice, or judicial officer presiding over this matter and members of their immediate

---

[1]     "CardConnect Merchant" means any merchant that became a customer by signing an agreement for processing services with Defendant that is governed by Pennsylvania law. "Subject Fees" means the following fees:  CardPointe Fee; Data Breach Fee; EMV P2PE Fee; Annual Fee; PCI Non-Compliance Fee; PCI Annual Fee; Monthly Minimum Fee; Merchant Club Fee; Interchange Charges; Mastercard Location Fee; BIN ICA Fee; Accel Annual Fee; NYCE Participate Fee; Pulse Participate Fee; and Star Participate Fee.

families and judicial staffs.

20.    The Court specifically determines that, for settlement purposes only, the settlement class meets all the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, namely that the settlement class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the settlement class representatives are typical of absent class members; that the class representatives and class counsel have and will fairly and adequately protect the interests of the class; that common issues predominate over any individual issues; and that a class action is a superior means of adjudicating the controversy.

21.    Plaintiffs T.S. Kao, Inc., Tech Lounge SP, LLC, and The Law Office of Kevin Adams, PLLC have adequately represented the settlement class and are appointed as settlement class representatives.

22.    Matthew C. Klase and E. Adam Webb of Webb, Klase & Lemond, LLC have adequately represented the settlement class and are appointed as class counsel.

23.    The Court has reviewed the settlement agreement's terms, noted the lack of any objections from settlement class members and, after consideration of the criteria set forth in Fed. R. Civ. P. 23(e)(2) as well as applicable Third Circuit law, finds that the settlement is fair, reasonable, and adequate under the circumstances of this case and in the best interests of the settlement class.  Accordingly, the settlement agreement is approved.  In evaluating the proposed settlement, the Court considered a variety of factors and makes the following findings:

- Class counsel and the named plaintiffs adequately represented the class.

- The settlement agreement was negotiated at arm's length.

- The relief the settlement provides to settlement class members is adequate when balanced against the cost and risk involved in pursuing a litigated outcome.

- The settlement agreement establishes an effective method of distributing relief.

- The proposed award of attorney's fees and costs is reasonable.

- The settlement agreement treats class members equitably relative to each other.

- No settlement class members have objected to the settlement.

- The settlement agreement is the only such agreement in this litigation.

24.     This Order is the Final Judgment as defined in the settlement agreement.

25.     The provisions of this Final Judgment are entered as a result of the agreement and stipulation of the parties.  The parties' stipulation and this Final Judgment are not intended to be, and shall not be construed as, an admission or finding, express or implied, of any fault, liability, or wrongdoing by Defendant.

26.     The provisions of this Final Judgment are applicable to and binding upon Defendant, Plaintiffs, and all members of the settlement class (including their current or former agents, employees, predecessors, successors, heirs, and assigns), and dismiss in their entirety and with prejudice the claims of all members of the settlement class against Defendant, as more fully set out in section 10 of the settlement agreement, without costs to any party against any other party except as otherwise provided herein.

27.     This Final Judgment is intended by the parties and the Court to be *res judicata* and to prohibit and preclude any prior, concurrent, or subsequent litigation,

arbitration, or other proceeding, brought individually or in the name of, and/or otherwise on behalf of the Releasing Parties against the Released Parties arising from the Released Claims.  The terms capitalized in this and subsequent paragraphs have the same meaning ascribed to them in section 10 of the settlement agreement.

28.     The Releasing Parties are deemed to have conclusively settled and released all claims against the Released Parties for any Released Claims.

29.     The Releasing Parties are deemed to have covenanted not to sue, institute, or instigate any legal, equitable, or administrative proceedings against the Released Parties for any Released Claims.

30.     Each member of the settlement class is barred and permanently enjoined from prosecuting any action or proceeding in state or federal court, arbitration, or before any administrative body against the Released Parties with respect to any Released Claims.

31.     The Court approves class counsel's request for $2,550,000 in fees as supported by the facts, record, and applicable law.  The agreed upon amount of attorneys' fees was negotiated only after the other terms of the settlement had been agreed upon and was not the product of collusion or fraud.  The agreed-upon fee is reasonable under the applicable facts and law and the circumstances of this case.

32.     The Court approves class counsel's requested reimbursement of $84,963.23 for litigation expenses incurred during the prosecution of this litigation. This expense award is supported by the settlement, the facts, the record, and the applicable law.

33.     The settlement agreement provides that each of the class representatives

– T.S. Kao, Inc., Tech Lounge SP, LLC, and The Law Office of Kevin Adams, PLLC – is

to receive $15,000 for their service on behalf of the class.  The Court approves payment

of the requested incentive awards for their efforts.

34.     The awarded fees and expenses shall be paid to class counsel and the

incentive awards shall be paid to the class representatives in accordance with the terms

of the settlement agreement.

35.     The Court retains jurisdiction over these matters only for the purpose of

enabling any party to this Final Judgment to apply to the Court at any time for such

further orders and directions as may be necessary and appropriate for the carrying out

of this Final Judgment.  In all other respects, this case is dismissed with prejudice.

36.     The Clerk of the Court shall enter this Final Judgment forthwith.

**SO ORDERED** this 23rd day of February, 2021.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.